## Wilde *versus* Trainor *et al.*

1. In the reservation of questions, they can only be of pure questions of law; and the facts should be agreed by the parties, or found by the jury.

2. If a point of law be reserved, it must be by stating on the record the facts on which it arises, without which judgment cannot be entered *non obstante veredicto*.

3. It may be a pure question of law, whether there is any evidence to go to the jury on some facts essential to the plaintiff's case, or if his case be admitted or conclusively established, on some facts essential to the defendant's defence.

4. The reserved questions must be such as to rule the case. The reservation of subordinate questions tends only to embarrass and complicate the case.

5. A point of law cannot be properly reserved, unless, if it be held in one way, the court would be bound to give a binding instruction to the jury to find for the plaintiff or for the defendant.

6. Courts cannot reserve questions of fact, though they may necessarily be mixed with questions of law.

7. Wherever there is a judgment on reserved points, it is advisable that there should be always a written opinion to indicate to the court of error the grounds of the judgment.

8. In bringing up a case into the Supreme Court, it is a very loose and irregular practice to do it by a bill of exceptions to the judgment and the judge's notes of trial filed.

November 9th 1868. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. READ and AGNEW, JJ., absent.

Error to the District Court of *Allegheny county*: No. 92, to October and November Term 1868.

This was an action of ejectment brought, April 29th 1867, by George W. Wilde against James Trainor and others, who were tenants of Sarah E. Colinburgh, for a lot of ground in Allegheny City.

The plaintiff being the owner of the lot in question and other land, on the 20th of January 1860 conveyed that lot and another to Robert M. Parke, in trust as to the first, that his wife Susan Wilde "is to take this lot in fee simple for the sole and separate use of the said Susan Wilde, her heirs and assigns for ever." As to the last lot it was to be held for her life only. "And upon further trust that the said Susan Wilde or such person as she shall appoint, shall take and receive the rents, issues and profits of the first described lot for ever, and the last described for and during her natural life.

"Provided, nevertheless, that the said Susan Wilde shall not,

[Wilde *v.* Trainor.]

at any time hereafter, make or set up any claim to dower in any other real or personal estate of the said George W. Wilde, now owned by him, or which shall hereafter be acquired by him; and provided also, that the said Susan Wilde shall, at the request of the said George W. Wilde, his heirs and assigns, execute, sign and deliver a quit-claim deed for any such other real estate of the said George W. Wilde.

"And the said Robert M. Parke hereby covenants and agrees, that if the said Susan Wilde, or her heirs and assigns, shall, at any time, make claim to dower out of any real or personal estate now owned by the said George W. Wilde, or which shall hereafter be acquired by him, or if the said Susan Wilde shall refuse, upon request, to make a conveyance of any such right of dower, that then this deed of trust shall become null and void, and the real estate herein conveyed shall revert to the said George W. Wilde, his heirs and assigns, as completely as if this conveyance had not been made."

The plaintiff owned a farm in Ohio and property in Manchester, Allegheny county. He and his wife were separated and living apart from each other. Mrs. Wilde died in January 1866, having made a will, by which she devised the lot in controversy to Sarah E. Colinburgh in fee.

The plaintiff gave evidence that by his direction his agent, about a year before Mrs. Wilde's death, called on her with a deed for her execution for the purpose of releasing her dower in the Ohio farm and asked her signature to it. She refused to sign it, saying she would not sign any paper for the plaintiff. He further gave evidence that the plaintiff had contracted to sell a house in Manchester. The same agent asked her to sign the deed to the purchaser, telling her that if she did not she would forfeit her claim under the deed of trust. She told the agent if she had to do it, and he would draw the deed and bring it to her she would execute it if the plaintiff would pay her $50, but she would not sign any paper for the plaintiff. The agent informed her that the plaintiff would not pay the $50. There was other evidence tending to show the refusal of Mrs. Wilde to release her dower in the above real estate. Plaintiff gave evidence also that after the death of Mrs. Wilde he entered upon the lot, claimed the property as his and endeavored to obtain possession; he said he had possession and was going to keep it. There was evidence that Mrs. Wilde left no blood relatives.

The plaintiff requested the court to charge:—

"1. That the will of Susan Wilde is invalid and void, because a married woman cannot make a valid will of the peculiar kind of trust estate created by the deed in evidence.

"2. That the plaintiff is entitled to recover, upon the ground that the condition that Susan Wilde should release her right of

[Wilde v. Trainor.]

dower, upon request of plaintiff, was broken by her, and that entry was afterwards made by plaintiff on the property in dispute, claiming title.

"3. That the plaintiff is entitled, upon the whole evidence, to recover."

The defendants requested the court to charge:—

"1. The plaintiff should have made his entry in the lifetime of Mrs. Wilde, to have made it effective.

"2. The deed of trust set forth sufficiently the right of Mrs. Wilde to dispose of her estate therein by will.

"3. The deed of trust itself amounts to, and is, a quit-claim deed to all and any property that George W. Wilde had, or may ever thereafter acquire."

The court (Hampton, P. J.) instructed the jury *pro formâ*, but reserving the questions submitted by the counsel on both sides, that if they believed the uncontradicted evidence in the cause, the plaintiff is entitled to recover, and if they so find, their verdict will be for the plaintiff, subject to the opinion of the court in banc, on the questions of law reserved, and if the court should be of opinion that the law is with the plaintiff, then judgment to be entered on the verdict. But if the court should decide the law to be with the defendants, then judgment to be entered for them *non obstante veredicto*.

The verdict was for the plaintiff, but the court afterwards entered judgment for the defendants *non obstante veredicto*.

The plaintiff having removed the case to the Supreme Court, assigned for error the entering judgment for the defendants.

*J. S. Ferguson* (with whom was *N. P. Fetterman*), for plaintiff in error.—The Married Woman's Act April 11th 1848, did not enable Mrs. Wilde to dispose, by will, of her separate property held by a trustee: The Pa. Co. for Ins. on Lives *v.* Foster, 11 Casey 134; Wright *v.* Brown, 8 Wright 224; Hay *v.* Mayer, 8 Watts 209. Her estate was conditional, defeasible upon breach of the condition: Bear *v.* Whisler, 7 Watts 149; Westenberger *v.* Reist, 1 Harris 598. The estate revested in the plaintiff by his entry, whether before or after the death of Mrs. Wilde: Hamilton *v.* Elliott, 5 S. & R. 386.

*J. R. Large*, for the defendants in error.

The opinion of the court was delivered, January 9th 1869, by

SHARSWOOD, J.—This cause comes up from the judgment of the court below on certain points reserved on the trial. The power to make such reservation depends on the provisions of the Act of June 12th 1839, entitled "An act relating to the several courts in the county of Allegheny," Pamph. L. 262, by the 5th section

[Wilde *v.* Trainor.]

of which it is declared that "It shall be lawful for any of the said judges, when he thinks it expedient, to reserve questions of law which may arise on the trial for the consideration and judgment of both of the judges of the said court sitting together, provided that either party shall have the right to a bill of exceptions to the opinion of the court as if the point had been ruled and decided on the trial of the cause."

There are two rules which are necessary to be observed in such reservations. The first is, that they can only be of pure questions of law. In order that such questions may be reserved, it is requisite that the facts should be agreed by the parties or found by the jury, for *ex facto oritur jus:* Clark *v.* Wilder, 1 Casey 314; Irwin *v.* Wickersham, Id. 316; Wilson *v.* Steamboat Tuscarora, Id. 317. If a point of law be reserved, it must be done by stating on the record the facts on which it arises, without which judgment cannot be entered *non obstante veredicto:* Winchester *v.* Bennett, 4 P. F. Smith 510.

It may no doubt also be a pure question of law whether there is any evidence at all to go to the jury on some fact essential to the plaintiff's case, or, if the plaintiff's case is admitted or conclusively established, on some fact essential to the defendant's defence.

The second rule is that the question or questions of law must be such as to rule the case. It is of course worse than useless to reserve every question of law which may arise in the course of a trial. The main object of a reserved point is to save the necessity of a second trial—the verdict of the jury on the facts, if adverse, precluding the point of law from arising. Thus, if the question reserved is whether there is any evidence to go to the jury, the verdict against the sufficiency of the proof disposes of the whole question. But the reservation of subordinate questions does not yield this or any other advantage, but tends only to embarrass and complicate the case. Indeed, I have always been of the opinion and acted upon it, that no point of law can be properly reserved, unless if that point be held in one way, the court would be bound to give a binding instruction to the jury to find a verdict for the plaintiff or for the defendant.

Judged by these rules, the reservation in this case was wrong. The court instructed the jury *pro formâ* to find for the plaintiff, if they believed the uncontradicted evidence in the cause, but reserved the questions submitted by the counsel on both sides. The verdict was for the plaintiff, but afterwards the court *in banc* entered judgment for the defendants on the questions of law reserved, *non obstante veredicto.*

There are no facts agreed or found in the record. There is a bill of exceptions to the judgment, and the judge's notes of trial are filed. We may presume that these notes are intended to bring

[Wilde *v.* Trainor.]

up the evidence with the bill of exceptions, though it is a very loose and irregular practice.

We must consider, then, that these questions of law apply to the whole evidence, and they must show, in order to be effectual, that there was nothing to submit, but that the defendants were entitled on the whole case to a binding direction in their favor.

The questions submitted by the counsel on both sides, which are the points reserved, are, we presume, the points presented by them in writing. There are six in number—three on each side.

The 1st of these points on behalf of the plaintiff is " that the will of Susan Wilde is invalid and void, because a married woman cannot make a valid will of the peculiar kind of trust estate created by the deed in evidence." In whatever way this point might have been answered, it would not have ruled the case. It would not certainly have authorized a binding direction to the jury. If affirmed, it would only show that the defendants' title was bad, not that the plaintiff's was good, which in ejectment is the important question ; for the plaintiff can only recover on the strength of his own title, not on the weakness of the defendant's. Suppose the will to be invalid, the questions still are on the evidence—can the plaintiff recover on the alleged forfeiture and entry for condition broken under the deed ; or failing on that ground as the heir at law of his wife, under the 10th section of the Act of April 8th 1833, entitled " An act relating to the descent and distribution of the estates of intestates," Pamph. L. 318.

The 2d point is " that the plaintiff is entitled to recover upon the ground that the condition that Susan Wilde should release her right of dower upon request of plaintiff, was broken by her, and entry afterwards made by plaintiff on the property in dispute." This evidently was not a pure question of law, and could not have been affirmed by the court without withdrawing from the jury the determination of questions of fact entirely within their province. Courts cannot reserve to themselves the questions of fact which arise, though they may necessarily be mixed with questions of law.

The 3d point is " that the plaintiff is entitled, upon the whole evidence, to recover." This is so clearly a mixed question of law and fact which it would have been error if the court had affirmed that we may dismiss it without further remark.

The 1st point of the defendant is " that the plaintiff should have made his entry in the lifetime of Mrs. Wilde to have made it effective." Whether, if there was a forfeiture, it was waived by the non-entry of the plaintiff during the life of Mrs. Wilde, would rather seem to be a question of fact for the jury. I know of no rule of law that an entry for condition broken must be in the lifetime of the party, by whom the breach was committed. But conceding this, it only affected one aspect of the case. His title as

[Wilde *v.* Trainor.]

the heir at law of his wife, if she died without any kindred of her own, did not depend upon whether he had made an effective entry. If answered affirmatively, there could not have been a binding direction on the whole case for the defendants.

The 2d of defendants' points presents in substance the same question as the plaintiff's 1st point, which has already been considered.

The 3d point of the defendants is that " the deed of trust itself amounts to, and is, a quit-claim deed to all and any property that George W. Wilde had or may thereafter acquire." This, like the defendants' 1st point, only bears upon one aspect of the plaintiff's claim—his title under the forfeiture and re-entry—and did not therefore rule the case.

Such, then, being the state of this record, ought the judgment to be affirmed or reversed ? I should feel some hesitation about this, as there was no exception taken to the reservation, if it were a new question, but I consider it as settled by the authority of Irwin *v.* Wickersham, 1 Casey 316, and Winchester *v.* Bennett, 4 P. F. Smith 510. Had the judgment on the reserved points been for the plaintiff on the verdict, it would have stood according to Clark *v.* Wilder, 1 Casey 314.

Taking the whole case together, we must consider that the court on the trial directed the jury to find for the defendants. But the facts and law of the case were so involved that this would have been error. We may be allowed to observe also that wherever there is a judgment on reserved points, it is always advisable that there should be a written opinion to indicate to the court of errors the grounds of the judgment.

Judgment reversed, and *venire facias de novo* awarded.