## Ferguson, Adm'r. *versus* Wright, Adm'r.

1. To enable one partner to recover against his fellow, there must be a settlement and a balance found to be due.

2. A balance was struck in favor of J., a partner, on the books of the firm, after his death, similar balances were struck in favor of other partners. This was evidence only how J. stood with the firm including himself, not how he stood with his partners.

3. It was the right of the survivors to settle the affairs of the company before they could be made liable to the estate of their deceased fellow.

4. L., one of the surviving partners, having died, his estate was not liable to the estate of J., under the Act of April 1848, § 3 (Partnership), until a direct liability had been established against him, either severally or jointly with the other partners, to pay a specific balance: the liability was only to account.

5. It is not a good reservation of a point to reserve it "on all the evidence."

6. Every reservation should place distinctly on the record what the point which is reserved is and the state of facts out of which it arises.

March 5th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Philadelphia:* No. 280, to January Term 1869.

This was an action of assumpsit brought, February 1st 1868, by Bryant Ferguson, administrator, &c., of Joseph S. Senat, deceased, against Peter T. Wright, administrator, &c., of Lewis D. Senat, deceased.

The declaration was for money had and received and on an account stated.

On the trial before Hare, P. J., the plaintiff gave evidence of the existence of the firm of Senat, Brothers & Co., consisting of George S. Senat, Lewis D. Senat, Joseph S. Senat and William Nichols; that Joseph S. Senat died June 2d 1860, and that notice, dated December 31st, of the dissolution of the firm by his death, was published in the North American and United States Gazette on the 1st of January 1861, and that the surviving partners would continue the business under the same firm name.

They also gave in evidence, from the partnership books, the following account:—

"ESTATE OF JOSEPH S. SENAT.

| 1862. | | | 1861. | | |
|---|---|---|---|---|---|
| Feb'y 28, To Cash . . . | $50.00 | | Jan'y 1. By Sundries . | $14,668.95 | |
| To Balance . . | 16,000.82 | | June 30. By Interest . | 440.07 | |
| | | | July 1. By Balance . | $15,109.02 | |
| | | | Aug. 31. By Cash . . | 22.04 | |
| | | | Dec. " By Interest . | 453.71 | |
| | | | 1862. | | |
| | | | Jan'y 1. By Balance . | $15,584.77 | |
| | | | June 30. By Interest . | 466.05 | |
| | | | | $16,050.82 | |
| | $16,050.82 | | July 1. By Balance . | $16.000.82" | |

[Ferguson *v.* Wright.]

The claim of the plaintiff was for this balance on the account.

W. H. Nichols, one of the surviving partners, testified that Lewis D. Senat, who died in 1866, was cognisant of the foregoing entry: that in consequence of the dissolution of the firm by Joseph's death, the balance was struck in the usual course of business, and at the same time a balance was struck on the books in favor of the other partners. In ascertaining the balance a contingent fund was set apart, as usual, for the purpose of covering debts that might be due, and it was more than enough for that purpose. Stock was taken and the books settled· as usual at the end of the year, only as Joseph died during the year, the balance was carried to his estate instead of to his individual account.

The court directed the jury to find a verdict for the plaintiff, reserving the point whether upon the whole testimony the plaintiff was entitled to recover.

The verdict was for the plaintiff for $21,725.44.

There was a rule for a new trial, which was afterwards discharged and judgment entered for the defendant on the point reserved *non obstante veredicto,* Judge Hare delivering the following opinion:—

"Lewis, Joseph and George Senat and William Nichols were partners in trade, under the firm name of Senat Bros. & Co.

"During the year 1860, Joseph Senat died, and when it closed, the surviving partners balanced their books, and having ascertained how much was due to each of the members of the firm, credited the estate of Joseph Senat with the amount that would have been his if living. His representatives then brought assumpsit to recover this sum as a debt due by the partnership, and the question whether they could maintain the action or must resort to account render was reserved at the trial. The point has frequently been before the courts and always decided in the negative. For as the object of such an accounting is to ascertain what is due or coming to each of the parties from the assets of the firm, it cannot be interpreted as a guaranty that the assets will be adequate to pay the debt. The shares of the partners are reduced to a pecuniary standard for the purpose of fixing their relative value, leaving their absolute value to be determined by the event. If debts that have been estimated as good prove to be worthless, or unexpected claims are presented, the result may be very different from what the books of the firm indicate. If A., B. & C., who have been engaged in trade as copartners, meet to settle the affairs of the firm, and $20,000 is found to be due to each of them, there is obviously no promise either on the part of the firm collectively, or the partners individually, to pay A., B. or C. that or any other sum. Such an obligation would, if existed, give rise to a circuity of action rendering the contract nugatory, and bringing each of

[Ferguson *v.* Wright.]

the parties to the position which he held when the proceedings were begun. It has accordingly been well- said, that to authorize a recovery under such circumstances, it must appear not only how much the plaintiff was to receive, but that the defendant bound himself absolutely to pay. It may well be that a partner, who stands on the face of the account as a creditor, has the bulk of the property of the firm in his hands, and would if it were turned into cash be largely a debtor. When, indeed, the transaction instead of being a settlement of accounts, is a sale of the interest of an outgoing partner to those who remain, in consideration of their assuming the liabilities of the firm and paying him what his share of the assets is supposed to be worth, the fulfilment of the contract may be enforced by an action of debt or assumpsit, as in other cases where property is transferred by one man to another. But to produce this result, the interest of the outgoing partner in the assets must cease, and he must agree to take the personal liability of the remaining partners in consideration of the relinquishment of his title to the property of the firm.

"The rule for a new trial is discharged, and judgment entered for defendant on point reserved."

The plaintiff took a writ of error, and assigned for error the entry of the judgment.

*C. E. Lex*, for plaintiff in error.—One partner may sue another in respect to a matter relating to the partnership, if it be distinct from all other matters of the partnership, and can be determined without going into the partnership accounts : 2 Lindley on Partnership 735. The interest of the deceased partner. was ascertained, and the conclusion might be raised that payment to his estate was assumed : Lamalere *v.* Caze, 1 Wash. C. C. R. 435. A settlement is necessary : Killam *v.* Preston, 4 W. & S. 14; Holmes *v.* Higgins, 1 B. & C. 74; Fromont *v.* Coupland, 2 Bing. 170; Smith *v.* Barrow, 2 Term Rep. 478; Foster *v.* Allanson, Id. 479; Rackstraw *v.* Imber, 1 Holt 368. Less than an express promise to pay is sufficient : Van Amringe *v.* Ellmaker, 4 Barr 281; Ozeas *v.* Johnson, 4 Dallas 434; Walker *v.* Long, 2 P. A. Browne 125; Fanning *v.* Chadwick, 3 Pickering 423; Jessup *v.* Cork, 1 Halstead 436; Beach *v.* Hotchkiss, 2 Conn. 428; Casey *v.* Bush, 2 Caines 298; Andrews *v.* Allen, 9 S. & R. 241.

*R. P. White* (with whom was *G. H. Earle*), for defendant in error, referred to the opinion of Judge Hare.

The opinion of the court was delivered, March 11th 1869, by AGNEW, J.—The authorities of the plaintiff in error are all

[Ferguson *v.* Wright.]

against him. Whether an express promise to pay be essential, or an implication of a promise will arise from a settlement and balance struck, it is immaterial; all the authorities coinciding, that to support assumpsit there must be a settlement and balance found due to the partner who sues for it. Now the evidence in this case established no such settlement and balance due to the plaintiff from the other partners or any of them. The book produced showed only his individual account with the firm. It evidenced only how he stood with the *entire* association including himself, and not how he stood with his partners. The witness said in the same breath, that balances were also struck in the book in favor of the other partners. This evidenced how the company, which consisted of all the partners, stood with each one of them, but not how much any one was entitled to receive from any or all the others. To show that there must be a settlement between the partners themselves, and the result would depend on the difference in their relative balances with the firm. If they were equal partners, and the firm owed each the same balance, it is evident they would owe each other nothing, and though the company's book would show a balance due to each, it would not be a debt from one to another. That there was no such settlement between the partners as would show their relative liabilities, is evident also from another fact stated by the same witness; that a contingent fund was set aside against any loss upon unpaid debts due to the firm. The assets of a firm consist of its stock on hand and its credits. Both the stock account and bills receivable of the firm to its credit on its books were liable to be diminished by loss on sales and loss on bills not collectable. Nothing less than an agreement to take the stock at the valuation and bills receivable at their nominal or at some agreed amount, would fix the surviving partners for these sums. It was their right and their duty to settle up the affairs of the company before they could be made debtors to the estate of the survivors. *Non constat* that on a settlement of company affairs, any part or how much of the balance in the individual account would be due from the other partners. It might be lessened or entirely balanced by the accounts of the other partners. There was no agreement whatever shown to have been made by them to become liable to the estate of the deceased partner. Of course on the death of a partner which dissolves the firm, an account of stock on hand and debts must be taken, and the individual accounts of all persons including the partners must be balanced to exhibit the state of its affairs at that period, and the settlement of them then devolved on the survivors. But this was no settlement between the partners to exhibit their liabilities from or to each other, and indeed on the contrary contemplated a settlement among themselves only after the affairs of the firm had been fully administered in order to

[Ferguson *v.* Wright.]

arrive at their mutual rights and liabilities. Clearly, therefore, the suit should have been account render, or a bill in equity for an account.

A question is made also whether the action lies by the administrator of Joseph S. Senat against the administrator of Lewis D. Senat, one of the surviving partners, who has died since the death of Joseph. This depends on the fact of a settlement which made Lewis a debtor to Joseph's estate. The Act of 11th April 1848 has no influence on the case till the liability of Lewis has been first established. Before a direct liability is established against Lewis either severally or jointly with the other partners to pay a specific balance, his liability is only to account. If these were the questions on which the court below passed in deciding the reserved point we discover no error. But this case bears upon it an inherent defect in the reservation of the question that cannot be cured. It has been held in several cases that it is not a good reservation of a point to reserve it on all the evidence. The first effect is to withdraw the facts entirely from the jury. In this case it was a question of fact whether any settlement and balance had been shown to support the action. The court may have thought that taking all the evidence together it was insufficient to show such a settlement, and what has been already said shows that we are of that opinion. But possibly this was not the question intended to be reserved. It may be, the court thought that admitting a settlement and balance, the action would not lie against this individual defendant or against his estate. Or the question might have been upon the interpretation or the effect of the Act of 11th April 1848. It is impossible for us to know from the record what question the court intended to reserve. Every reservation of a question should place distinctly upon the record what the point is which is reserved, and the state of facts out of which it arises. This is necessary to enable the party to except to it, and to have it reviewed. For this reason the judgment must be reversed and *a venire facias de novo* awarded.