## JAMES FULTON v. JAMES PETERS.
## JAMES FULTON v. MARGARET METZGAR.

APPEALS BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY.

Argued October 7, 1890—Decided November 3, 1890.

1. Where a point presented for instruction is reserved as a question of law, without exception taken in the court below, a specification alleging error in entering judgment for the defendant non obstante veredicto, on the question reserved, cannot be considered.
2. A building contract providing for the submission of any dispute as to the quality or quantity of the work to a superintendent whose decision should be final, the contractor is estopped from recovering a disputed claim which he refused to submit to the superintendent: Per HUNTER, P. J.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 36, 37 October Term 1890, Sup. Ct.; court below, Nos. 16, 17 February Term 1886, C. P.

On November 10, 1885, James Fulton brought scire facias sur mechanics' lien against James Peters, owner or reputed owner. On the same day, a like suit was brought by the same plaintiff upon another mechanics' lien against Margaret Metzgar, owner or reputed owner. Issue in both cases.

Both causes were tried together on November 28, 1888, when the liens were read in evidence, one of them (and they were alike) containing the following averments:

Statement of Facts.

"4. That on the 1st day of May, 1884, the said claimant and said Margaret Metzgar entered into a written agreement, by the terms of which said claimant was to build for said Margaret Metzgar a house complete, furnishing all labor and materials, according to certain specifications then understood and agreed upon by the parties, for which the said Margaret Metzgar was to pay the sum of $2,875, on the days and times in said agreement specified. That, after the work was begun, it was agreed verbally that said claimant should from time to time make such changes and modifications in the plans as they were bid on, as the said Margaret Metzgar might desire and direct; she upon her part, agreeing to pay, in addition to said contract price, the fair value of such extra work. That, after the work had progressed under said contract and the supplement or amendment thereto, and after the claimant had laid out and expended the sums of money, and worked the number of days hereinafter set forth, the said Margaret Metzgar, in violation of the true intent and meaning of said contract as amended, refused to comply with the provisions thereof, and compelled claimant to abandon his contract and quit said work; at the same time refusing, and ever since continuing to refuse to pay to said claimant the sums of money aforesaid."

The contract, referred to in the foregoing (and a like contract in the case against Peters), contained the following provision:

"4. Should any question arise in regard to the quality or quantity of the work, the same shall be referred to the said superintendent, John M. Johnston, whose decision shall be final and binding."

At the close of the testimony, indicated in the opinion of the court below, the court, HUNTER, P. J., instructed the jury, answering the following point presented by the defendants:

3. One of the covenants of the contract being that, when any question arose as to the quantity or quality of work done upon the buildings, the same should be referred to John M. Johnston, superintendent, whose finding should be final and binding, and the plaintiff having refused to so refer his dispute with the defendants to said superintendent, he is now estopped from recovering from the defendants on these mechanics' liens, and your verdicts should be for the defendants.[2]

Opinion of Court below.

Answer: We reserve the question, being one of law, whether this covenant in the contract estops the plaintiff in this proceeding, under the pleadings.

—No exception was taken by either of the parties to the reservation of the question raised by defendants' third point.

The jury having returned a verdict in favor of the plaintiff for $449.60, in each case, after argument of the question reserved, and of a motion and reasons on the part of the defendants for a new trial, the court filed the following opinion:

Both cases were tried before the same jury and are identical except as to amounts. The foundation stone of the action in each case is the written contract between the parties severally. That the contract afterwards was modified and changed as the work and plan of the houses changed there is no question, but the written contract never was abrogated. This contract was material to the plaintiff's case and was put in evidence by him. In strict order, perhaps it should have been the first proof in the cases.

In each contract there is this provision: "Should any question arise in regard to the quality or the quantity of the work, the same shall be referred to the said superintendent, John M. Johnston, whose decision shall be final and binding." The plaintiff admits that, upon failure to have his claims adjusted, he refused to submit the dispute which arose to the superintendent, and came to Greensburg, filed his liens, and issued the writs of scire facias now being tried. By reason of these undisputed facts, the question was then raised by the defendants' counsel, in their third point, that the plaintiff is now estopped from recovering on the mechanics' liens. When we charged the jury we reserved the question, for it is one of pure law. There is no question of fact in it for the jury.

I am unable to see any distinction between these cases and the case of Hartupee v. Pittsburgh, 97 Pa. 107. Plaintiff's counsel, however, argue that under the pleas advantage cannot be taken of this defence. We cannot see why. The point is in the nature of a plea to the jurisdiction, and want of jurisdiction can be taken advantage of at any time. In Hartupee v. Pittsburgh, the pleas were the general issue, non-assumpsit, and payment with leave, etc., the action being assumpsit.

Opinions of the Court.

We need not discuss defendant's motions for a new trial. It is true, under their plea of set-off they severally ask for a certified balance in their favor, but they also submitted the point we are now discussing and they cannot complain of our ruling. But apart from this, they asked for a compulsory nonsuit which, had it been granted, would have had the same result as now.

And now December 23, 1889, upon full hearing of the question of law reserved, judgment is entered for the defendant in each case, non obstante veredicto, and the motion for a new trial overruled.[3]

—Judgments for the defendants having been entered, the plaintiff took these appeals, in each specifying that the court erred:

1. In refusing to enter judgment for the plaintiff on the verdict.

2. In reserving as a pure question of law the third point presented by the defendants.[2]

3. In entering judgment for the defendants on the point reserved, the facts out of which the point arose not having been admitted by the parties or found by the jury.[3]

*Mr. John B. Head* (with him *Mr. Jas. S. Moorhead*), for the appellant.

Counsel cited: Wilson v. The Tuscarora, 25 Pa. 317; Wilde v. Trainor, 59 Pa. 439.

*Mr. Paul H. Gaither* (with him *Mr. J. F. Wentling, Mr. D. A. Miller* and *Mr. J. A. Marchand*), for the appellees.

Counsel cited: Insurance Co. of Pa. v. Insurance Co., 71 Pa. 40; Koons v. Telegraph Co., 102 Pa. 169; Mohan v. Butler, 112 Pa. 596.

### FULTON v. PETERS.

PER CURIAM:

The plaintiff complains, (*a*) that the learned court erred in reserving as a question of law the third point presented by defendants; and (*b*) that the court erred in entering judgment for defendants, non obstante veredicto, on such reserved point. We cannot sustain either objection. There was no exception to the reservation of the point, and for anything that appears

the judgment non obstante was warranted by the record as presented.

Judgment affirmed.

### FULTON v. METZGAR.

PER CURIAM:

This case is identical with Fulton v. Peters, supra, in everything.

Judgment affirmed.

