# Heany, Appellant, *v.* Schwartz et al.

*Statute of limitations—Acknowledgment of debt.*

A statement by defendant that he is willing to pay his share of a joint debt and it should be paid, followed by an assertion that he would not pay unless compelled by law to do so, is not sufficient to toll the statute; nor is a statement that he was willing to pay his share if the other debtors did the same.

*Practice—Exception to reserved point.*

Where no specific exception to the form of a reserved point is taken in the court below, the Supreme Court will not consider it.

Argued Jan. 31, 1893. Appeal, No. 131, July T., 1892, by plaintiff, Ephraim B. Heany, administrator of John K. Heany, deceased, from judgment of C. P. Montgomery Co., June T., 1890, No. 75, for defendants, John H. Schwartz and Simeon W. Moyer, non obstante veredicto. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit on promissory note.

On the trial, before WEAND, J., it appeared that the note was given on July 23, 1881, and signed by Abraham D. Delph, John M. Moyer, Isaac K. Kreibel, John H. Schwartz and Simeon W. Moyer. The evidence to take the case out of the statute was as follows:

Schwartz said he was willing to pay his share and it should be paid. It all hung on Kreibel. He said he wouldn't pay unless he was compelled by law to do so. He didn't say how much he would pay.

Moyer said it should have been paid long ago and he was willing to pay his share, but he said it was hard to pay lost money. He said he would have settled up this long ago, but it hung on others. He said he had been long willing to pay this money and it ought to have been paid long ago. He was willing to pay his share. He said he would like to have it fixed up, he was tired of it, but it depended on the rest, Delp and others he mentioned, and he mentioned Kreibel too.

Delp, Kreibel and the others, except these two defendants, paid their proportion, and the suit was discontinued as to them.

The court directed the jury to render a verdict for plaintiff reserving the question of law " whether there is any evidence to be submitted to the jury to warrant recovery against the defendants." The court subsequently entered judgment for defendants non obstante veredicto.

*Errors assigned* were (1) in reserving the question of law, quoting it as above ; (2) in entering judgment for defendants.

*Charles Hunsicker, Wm. F. Dannehower* with him, for appellant, cited, on the question of the statute of limitation : Palmer v. Gillespie, 95 Pa. 340 ; Croman v. Stull, 119 Pa. 91 ; Yost v. Grim, 116 Pa. 527.

*Montgomery Evans, Louis M. Childs* with him, for appellees, cited : Senseman v. Hershman, 82 Pa. 83 ; Schaeffer v. Hoffman, 113 Pa. 1 ; Lowrey v. Robinson, 141 Pa. 189 ; Harbold v. Kuntz, 16 Pa. 210 ; Kensington Bank v. Patton, 14 Pa. 479 ; Linderman v. Pomeroy, 142 Pa. 168 ; Keener v. Zartman, 144 Pa. 179 ; Lawson v. McCartney, 104 Pa. 356.

PER CURIAM, February 13, 1893 :

We need not discuss the form of the reservation for the reason that no specific exception appears to have been made to it on the trial below. Upon the merits we are of opinion that the evidence was not sufficient to toll the statute of limitations, and the judgment was properly entered for the defendants non obstante veredicto. We need not discuss the evidence or refer to the numerous authorities upon this subject. The case itself involves nothing new and we have gone over the subject so

fully in former decisions that nothing remains to be added.   If the profession does not understand by this time what is a sufficient acknowledgment to toll the statute we cannot hope by multiplying words to make it any plainer.

Judgment affirmed.