# Jacob Ginther, Appellant, *v.* The Borough of Yorkville.

*Negligence — Municipal liability — Independent contractor — Municipal supervision.*

A municipality is not liable for the negligent performance of a contract by an independent contractor resulting in injury to the property of a citizen even if the work is done under the direction of an official authorized to inspect it who is vested with all powers necessary to secure compliance with the contract, payment even being conditioned on his approval of the work.

*Practice, Superior Court and C. P.—Point reserved—Exceptions—Review.*

Where a point is reserved the parties will be presumed to have assented to the correctness of the statement of facts embraced in the reservation; and a party not excepting to it at the time is estopped from denying its accuracy; the only inquiry which can be made on review in the appellate court is as to the legal effect of the facts set out in the reservation.

Argued Dec. 8, 1896. Appeal, No. 98, Nov. T., 1896, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1892, No. 195, non obstante veredicto in favor of defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for injury to plaintiff's property.

The court directed a verdict for the plaintiff, reserving a question of law (which is set out in the opinion of the Superior Court).

Other facts sufficiently appear in the opinion of the Superior Court.

Verdict for plaintiff, $500. Judgment entered for the defendant on the question reserved. Plaintiff appealed.

*Errors assigned* were, (1, 2) entry of judgment for defendant non obstante veredicto.

*Geo. J. Wadlinger*, for appellant.—The defendant was liable under section 8, article 16 of the constitution of Pennsylvania: Edmundson v. R. R., 111 Pa. 316; Ladd v. Phila., 171 Pa. 485; Coal Co. v. Phila., 156 Pa. 54.

In its controlling principles, this case does not materially dif-

fer from O'Brien v. Philadelphia, 150 Pa. 589; Mellor v. Phila-
delphia, 160 Pa. 614, and other cases in the same line, and is
virtually ruled by them.

It is no answer to say that there was no exercise of the right
of eminent domain in the construction of the pipe line or the
setting of the fire plug on the pavement of the plaintiff and
hence no remedy for him by art. XVI. sec. 8 of the constitution:
Chester Co. v. Brower, 117 Pa. 647; Borough of New Brighton
v. U. P. Church, 96 Pa. 331; Power v. Borough of Ridgway,
149 Pa. 317; Fredericks v. Penna. Canal Co., 148 Pa. 317;
Ogden v. Philadelphia, 143 Pa. 430; Jones v. Bangor, 144 Pa.
638; In re Towanda Bridge Co., 91 Pa. 216; 2 Kent's Com.,
338; Cooley's Const. Lim., 662; Mt. Pleasant Borough v. B. &
O. R. R., 27 W. N. C. 177; Phila. v. P., W. & B. R. R., 33
Pa. 41.

It was a proper question for the jury whether Smith was an
independent contractor or a servant of the defendant: Jessup
v. Sloneker, 142 Pa. 527.

*A. W. Schalck,* for appellee.—The seventeenth rule of court
is violated in the omission of appellant to furnish the court with
the greater part of the testimony produced on the trial: Bradley
v. Vernon, 166 Pa. 603; Joyce v. Lynch, 17 W. N. C. 79; Pit-
tenger v. Kennedy, 148 Pa. 198; Murdock v. Martin, 147 Pa.
203.

No exception having been taken in the court below to the
point reserved the substance of such reserved point, is not
reviewable: Koons v. Telegraph Co., 102 Pa. 164; Ins. Co. v.
Phœnix Co., 71 Pa. 31; Heany v. Schwartz, 155 Pa. 154.

OPINION BY SMITH, J., January 18, 1897:

The plaintiff seeks to recover for injuries to his real and per-
sonal property caused by the flooding of his cellar with water,
which, he alleges, escaped from the public water pipe at or near
a fire plug which had been placed in the street by the borough
authorities, and left resting upon a stone drain leading from
the plaintiff's cellar. The plaintiff's theory is that the fire plug
apparatus was too heavy for the drain, and therefore crushed it,
and thus opened a passageway for the escaping water through
and along the drain into the cellar, and that the flooding was

due to the defendant's negligence in not properly sealing the pipe, and in breaking the stone drain.

The defense set up was that the work of laying the water pipe and putting in the fire plugs was done by an independent contractor in accordance with adopted plans; that the borough authorities had no control over the work; and that the borough, therefore, was not responsible for negligence on the part of the contractor.

At the close of the charge the learned trial judge reserved the following question: "The uncontradicted evidence in the case being that the digging of the water pipe trenches, the construction of the pipe line, and the setting of the fire plugs in the borough of Yorkville, were committed to contractors employing their own workmen, and acting and performing the work under the general supervision of officials of the borough charged simply with the duty of seeing that the work was properly done according to the plans and specifications, the question whether, under this state of the evidence, the breaking or stopping of the plaintiff's drain pipe by the workmen employed by said contractors, and the flooding of his cellar by reason thereof, can create any liability on the part of the borough to compensate the plaintiff in damages, is reserved." To this reservation no objection was made or exception taken, and a verdict having been rendered for the plaintiff, the court afterward made absolute a rule for judgment for the defendant upon the point reserved, notwithstanding the verdict. The plaintiff duly excepted to this entry of judgment for the defendant, and appealed to this court.

We are met at the threshold of the case as presented here with an objection to our review of the cause further than that presented in the reserved point and the ruling of the court thereon, upon the ground that no exception was taken to the reservation at the time it was made, in form or substance, and that it is now too late to do so.

The reservation sets out the facts upon which the legal question is based, and, under the law, that question is of such a nature that it necessarily controls the case. It thus contains the essentials of a properly reserved point: Wilde v. Trainor, 59 Pa. 439. The facts contained in a reserved question may be found by the jury specially, or may be agreed upon by the

parties, or may be stated by the trial judge; in the latter case, if either party is dissatisfied he may object, and except to such statement, and thus preserve his right to have the correctness of the judge's finding of facts reviewed by an appellate court.  But if no exception be taken to the judge's statement of facts, the parties will be presumed to have assented to them and are concluded by them and their legal effect.  Thus in the case of Insurance Company v. Phœnix Ins. Co., 71 Pa. 31, in speaking of the effect of a reserved question by the trial judge, Mr. Justice SHARSWOOD said: "No exception was taken to the reservation in the court below, and such being the case, we are bound to assume that it was assented to or acquiesced in by all parties as a true statement of the facts.  Very great injustice might be done if a party not objecting at the time of the reservation should be permitted afterward to take the ground that there was no evidence of the facts, or that they ought to have been submitted to the jury.  If a point of law be reserved it must be .done by stating on the record the facts .on which it arises: Winchester v. Bennett, 54 Pa. 510; Wilde v. Trainor, 59 Pa. 439; Ferguson v. Wright, 61 Pa. 258; Campbell v. O'Neill, 64 Pa. 290.  Unless the facts are found by the jury specially, there is no mode of reserving a question but by an agreement, and if the judge states the facts without such an agreement, the party must make his objection and enter his exception at the time, according to every rule for the fair trial of causes."  In the case of Koons v. Western Union Tel. Co., 102 Pa. 164, where some of the questions were not properly reserved by the court below, Mr. Justice PAXSON said: "Had the reservations been excepted to, a judgment entered for the defendant upon them could not have been sustained.  If a reserved point is based upon facts that are not conceded, it is the duty of counsel to except and thus warn the court of what may be an unintentional mistake."  Again in Central Bank v. Earley, 113 Pa. 477, in discussing the same question, Mr. Justice CLARK said: "The facts must be admitted of record by the parties, or found by the jury.  When they are stated by the court as a part of the record, and no exceptions taken, it will be presumed that the parties have so agreed, and that the statement is true."  In the case of Mohan v. Butler, 112 Pa. 590, the same learned jurist says: "The error assigned in this

case, is that the judgment was entered for the defendant, non obstante veredicto, upon the question of law reserved in the answer of the court to the defendant's third point. In the determination of this question we must assume the facts to be as they are in the point stated. No exception was taken to the manner in which the question was reserved, or to the facts assumed, out of which the question of law is supposed to arise; the parties are therefore conclusively presumed to have acquiesced in the facts as stated in the point, and assented to the reservation as made. A party, not objecting at the time of the reservation, cannot be permitted afterward to say that the facts ought to have been submitted to the jury." In the case of Headley v. Renner, 129 Pa. 542, in speaking of the practice and necessity of an exception to the manner of reserving a question, the Supreme Court, in a per curiam, say: "We are asked to reverse this judgment for the reason, inter alia, that the question of law was not properly reserved. This point should have been made at the time of the reservation. It will not do to acquiesce in the action of the court below, and then come here to complain of it. 'When no exception is taken below to a point reserved, the presumption is that it was assented to as a true statement of the facts:' Insurance Co. v. Insurance Co., 71 Pa. 31." There are other cases to the same effect: Blake v. Metzgar, 150 Pa. 291; Fulton v. Peters, 137 Pa. 613; Heany v. Schwartz, 155 Pa. 154. It is clear from these authorities that the plaintiff is presumed to have assented to the correctness of the statement of facts embraced in the reservation; that not having excepted at the time, he is now estopped from denying its accuracy; and that the only inquiry which can now be made is as to the legal effect of the facts set out in the reservation.

The opinion of the learned judge disposing of the reserved question fully vindicates his conclusion on this point upon reason and authority. In Painter v. Pittsburg, 46 Pa. 213, the general principle was enunciated that one person cannot be held liable for the acts or negligence of another unless the relation of master and servant or principal and agent exist between them; that when an injury is done by a party exercising an independent employment, the employer is not responsible to the person injured; and that this rule applies with full force to

municipal corporations. This rule has .been uniformly adhered to in the later Supreme Court cases where the question arose. It has been further held that liability for negligence is not shifted from the contractor to the municipality by the fact that the work is done under the direction of an official authorized to inspect it and to exercise all powers necessary to secure compliance with the contract, and that payment is conditioned on his approval of the work : City of Erie v. Caulkins, 85 Pa. 247 ; Wray v. Evans, 80 Pa. 102 ; Reed v. Allegheny City, 79 Pa. 300 ; School District v. Fuess, 98 Pa. 600.

. Under the law the judgment was properly entered on the reserved question in favor of the defendant, and it is therefore affirmed.