# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

John Boyle, Appellant, *v.* The Borough of Mahanoy City.

187    1
193   488
187    1
f197 383
187    1
198   353
198   354
187     1
22 SC ³ 85
187     1¹
26 SC   20
187     1¹
30 SC 4139

*Practice, C. P.—Trial—Reservation of point.*

A reservation, whether there is any evidence entitling the plaintiff to recover, is good.

In the trial of an accident case the following point was reserved: "That the uncontradicted testimony showing that the plaintiff saw the dangerous condition of the crossing and sidewalk and could have avoided the obstruction by a slight detour into the street on either side, he was guilty of contributory negligence, and the verdict of the jury must be for the defendant." *Held*, that the reservation was in proper form.

*Practice, C. P.—Trial—Reservation of point—Exception.*

If no exception is taken to the form of a reservation at the trial the parties are bound by it, and cannot be heard in the appellate court against it.

*Negligence — Municipalities — Defect in sidewalk—Contributory negligence.*

A person who knows a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect.

In an action against a borough to recover damages for personal injuries suffered by falling on a slippery sidewalk, the plaintiff is not entitled to recover where the evidence of the plaintiff and his witnesses shows that he saw the ridge of ice and snow where he fell, and walked directly upon it, when he could easily have avoided the obstruction by taking a step or two into the street where he could have walked in safety.

Argued Feb. 15, 1898.   Appeal, No. 329, Jan. T., 1897, by plaintiff, from judgment of C. P. Schuylkill Co., July T., 1895, No. 11, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Trespass for personal injuries.   Before ENDLICH, J., of the 23d judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

The court reserved the point quoted in the opinion of the Supreme Court.

The jury returned a verdict for plaintiff for $5,000.   Subsequently the court made absolute a rule for judgment for defendant non obstante veredicto.

*Errors assigned* among others were (3) in not making a proper reservation; (4) in entering judgment for defendant non obstante veredicto.

*George W. Ryon,* with him *James Ryon,* for appellant.—If a point of law be reserved on the trial of a cause the point and the facts upon which it arises must be stated upon the record in order to authorize the court to enter judgment non obstante veredicto : Wilde v. Trainor, 59 Pa. 439; Ferguson v. Wright, 61 Pa. 258; Patton et al. v. Railway Co., 96 Pa. 169; Inquirer Printing Co. v. Rice, 106 Pa. 623; Elkins v. Susquehanna M. F. Ins. Co., 3 Penny. 367; Wilson v. Steamboat Co., 25 Pa. 317; Cook v. Schrauder, 25 Pa. 312; Winchester v. Bennett & Davis, 54 Pa. 510; Yerkes v. Richards et al., 170 Pa. 346; Moore, Admrx., v. Copley et al., 165 Pa. 294; Richboro Dairymen's Assn. v. Ryan, 16 W. N. C. 383; Farmers' & Mechanics' Bank of Shippensburg v. Lefever, 74 Pa. 49.

There being no reservation in this case, for the reasons above given, there was nothing upon which to base an exception which must be put on the record : Henry v. Heilman Bros., 114 Pa. 499; Fayette City Boro. v. Huggins, 112 Pa. 1; Mechanics' Saving Fund v. Murphy, 1 Walker (Pa.), 31.

As none of the concomitants of a proper reservation are contained in the alleged reserved point, the judgment thereon cannot stand in law : North American Oil Co. v. Forsyth, 48 Pa. 291; Commonwealth to use, etc., v. McDowell, 86 Pa. 377; Clark

& Thaw v. Wilder, 25 Pa. 314; Irwin v. Wickersham, 25 Pa. 316; Buckley v. Duff, 111 Pa. 223 ; Barwell v. Wirth, 61 Pa. 133 ; Campbell v. O'Neill, 64 Pa. 290.

Boyle did not know of the dangerous condition of the pavement. He followed the beaten path. To constitute contributory negligence one must use a street knowing it to be unsafe; and knowing the defects that make it so, but not choosing to avoid them, although he could have done so: Smith v. New Castle, 178 Pa. 298; Fee v. Columbus Boro., 168 Pa. 382; Forker v. Sandy Lake Boro., 130 Pa. 123 ; Pomfrey v. Saratoga, 7 Cent. Rep. 44 ; Taylor v. Yonkers, 7 Cent. Rep. 230 ; Biggs v. West Newton, 164 Pa. 341; Douglas v. Monongahela City Water Co., 172 Pa. 435; Shook v. Cohoes, 11 Cent. Rep. (N. Y.) 301. See also Altoona v. Lotz, 114 Pa. 246; Erie v. Magill, 101 Pa. 616; Fleming v. Lock Haven, 15 W. N. C. 216; Whitford v. Southbridge, 119 Mass. 564; Horton v. Ipswich, 12 Cush. 489; Wilson v. Pa. R. R., 177 Pa. 503; Gates v. R. R., 154 Pa. 566.

Plaintiff's contributory negligence is a question for the jury, under proper instructions: Smith v. B. & O. R. R. Co., 158 Pa. 82; Sprowls v. Morris Twp., 179 Pa. 219; Davidson v. Lake Shore, etc., Ry., 179 Pa. 227; Ellis v. R. R. Co., 138 Pa. 506; Whitman v. Pa. R. R. Co., 156 Pa. 175; Chilton v. Carbondale, 160 Pa. 463 ; Mallory v. Griffey, 85 Pa. 275 ; Vannatta v. Cent. R. R. Co., 154 Pa. 262 ; Campbell v. City of York, 172 Pa. 205; Hogan v. West Mahanoy Twp., 174 Pa. 352; Buswell on Law of Per. Inj. 208; Glase v. Phila., 169 Pa. 488; Longenecker v. Penna. R. R. Co., 105 Pa. 328; Sopherstein v. Bertels, 178 Pa. 401; Pender v. Raggs, 178 Pa. 341; Pa. R. R. v. Werner, 89 Pa. 59; Philpott v. R. R., 175 Pa. 570; Fisher v. Ry., 131 Pa. 292.

*W. P. Ramsay*, for appellee.—The point reserved in the case at bar comes up to the measure laid down by this Court, from Irwin v. Wickersham in 25 Pa. 316, down to Yerkes v. Richards, 170 Pa. 346.

If the plaintiff did not wish to concede the facts stated in the point reserved, it was not only his right, but his duty to except at the time of the reservation. He had his day in court; having taken no exception then, he cannot now have that action of the

court reviewed : Fayette Borough v. Huggins, 112 Pa. 1 ; Ins. Co. of Penna. v. Phœnix Ins. Co., 71 Pa. 31 ; Smith v. Van Horne, 72 Pa. 209 ; Koons v. W. U. Tel. Co., 102 Pa. 169 ; Heany v. Schwartz, 155 Pa. 154 ; Mohan v. Butler, 112 Pa. 591 ; Fulton v. Peters, 137 Pa. 613.

Boyle saw the ridge before going upon it ; this is established by his testimony, and was conceded when the point was reserved. Under such circumstances, his deliberate attempt to walk over it was contributory negligence per se, and there was nothing to send to the jury : Forks Twp. v. King, 84 Pa. 230 ; Erie v. Magill, 101 Pa. 616 ; Railway Co. v. Taylor, 104 Pa. 306 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Hill v. Tionesta Twp., 146 Pa. 11 ; Mauch Chunk v. Kline, 100 Pa. 119 ; Burns v. Bradford, 137 Pa. 361 ; Davis v. Corry City, 154 Pa. 598 ; Lohr v. Philipsburg, 156 Pa. 249 ; Wyman v. Philadelphia, 175 Pa. 117 ; Lynch v. Erie, 151 Pa. 380 ; Haven v. Bridge Co., 151 Pa. 620 ; Baker v. Gas Co., 157 Pa. 593 ; Marland v. R. R. Co., 123 Pa. 487 ; R. R. Co. v. Mooney, 126 Pa. 244 ; Myers v. R. R. Co., 150 Pa. 386 ; Lees v. R. R. Co., 154 Pa. 46.

It did not appear that either the roadway, the sidewalk or the gutters were improperly constructed. Decker v. Scranton, 151 Pa. 241, Manross v. Oil City, 178 Pa. 276, and kindred cases, do not apply.

OPINION BY MR. JUSTICE GREEN, July 21, 1898 :

The chief contention in this case is upon the correctness of the reservation. The defendant submitted a point in the following words : " That the uncontradicted testimony showing that the plaintiff saw the dangerous condition of the crossing and sidewalk and could have avoided the obstruction by a slight detour into the street on either side, he was guilty of contributory negligence, and the verdict of the jury must be for the defendant." ·

The objection to the reservation is that it contains no statement of facts, nor any findings of the jury, raising any legal question, and was therefore a bad reservation. It must be conceded however that the point was well stated as a point to be answered on the trial, and that if the facts of which it was predicated were established by testimony which was uncontradicted,

it would have been entirely proper for the court to affirm the
legal conclusion resulting from facts thus established, to wit:
that the plaintiff was guilty of contributory negligence, and
therefore the verdict must be rendered in favor of the defend-
ant. On the other hand if the facts were not thus established
it would have been the duty of the court to refuse the point
and submit the case to the jury. If the point had been affirmed
the question for discussion on appeal would have been: Was it
established by uncontradicted evidence that the plaintiff saw
the dangerous condition of the crossing and sidewalk, and could
he have avoided the obstruction by a slight detour into the
street? That question was a question of fact depending upon
the state of the testimony, and in order to determine its solu-
tion it would be necessary to examine the testimony in detail.
The court might have done this and decided the question on
the trial. But the learned judge was in doubt about it, and in
order that the testimony might be examined with more care and
thoroughness, he reserved the point for further consideration.
Could he lawfully do this? If not, why not? We have held
it to be a good reservation whether there is any evidence which
entitles the plaintiff to recover. In the very recent case of
Fisher v. Scharadin, 186 Pa. 565, we have held, after argu-
ment and reargument before a full bench, that a reservation
whether there is any evidence entitling the plaintiff to recover
is a good reservation. In the case of Koons v. Western Union
Tel. Co., 102 Pa. 169, the defendant submitted several points
for charge, all of which were reserved by the court below.
One of them was, "That there is no evidence of negligence on
the part of the defendants, or on which they can be made answer-
able." The court left the whole case to the jury but reserved
the several points submitted and afterwards entered judgment
for the defendant, non obstante veredicto, on the points reserved.
PAXSON, J., delivering the opinion, speaking of the above-cited
point, said: "It was urged however that this was a bad reserva-
tion under the ruling in Ferguson v. Wright, 61 Pa. 258,
where it was held that it was not a good reservation of a point to
reserve it on all the evidence. There is no doubt under the au-
thorities that such a reservation would be bad. In the case in hand
however the reservation referred to is not open to this objection.
Whether there is any evidence at all to go to the jury upon a

particular fact essential to the plaintiff's case is a question of law and may be reserved : Wilde v. Trainor, supra (59 Pa. 439). The question here was whether there was any evidence of the defendant's negligence to go to the jury. We are of opinion that this question was properly reserved, and that in entering judgment non obstante thereon in favor of the defendant the court below committed no error. Upon the evidence the learned judge would have been justified in giving the jury a binding instruction to find for the defendants. There was no proof to charge them with negligence, not even a scintilla."

It is difficult to see any substantial difference between this case and the present one, so far as this matter is concerned. In both cases the question was raised on a point submitted for charge and the reservation was of the question raised by the point. In the one case the question was whether there was any evidence of negligence which could be.considered by the jury, and in the other, whether, upon the uncontradicted evidence showing contributory negligence of the plaintiff, the defendant was entitled to a verdict. The question of fact was upon the whole of the evidence touching the particular matter in both cases, and was fairly stated in the point in each of the cases. The legal question resulting was the same in both. Upon the question of correct reservation we see no difference in the two cases. The same ruling was made in the case of Newhard v. Penna. R. Co., 153 Pa. 417, where the reservation was, "whether there is any evidence in the case to be submitted to the jury, upon which the plaintiff is entitled to recover."

But it has been decided in numerous cases that if no exception is taken to the form of the reservation at the trial, the parties are bound by it, and cannot be heard in this Court against it. Thus in Ins. Co. of Pa. v. Phœnix Ins. Co., 71 Pa. 31, SHARSWOOD, J., delivering the opinion, said : "No exception was taken to the reservation in the court below, and such being the case, we are bound to assume that it was assented to or acquiesced in by all the parties as a true statement of the facts. Very great injustice might be done if a party not objecting at the time of the reservation should be permitted afterwards to take the ground that there was no evidence of the facts, or that they ought to have been submitted to the jury." In Mohan v. Butler, 112 Pa. 590, the defendant submitted, as

his third point, that certain facts set forth in the point having been shown by the testimony, the verdict should be for the defendant. The court answered the point in this way: "This point we decline to affirm, but we say as the facts stated in this point are uncontradicted, and clearly shown by the evidence, that we shall reserve as a question of law, to be hereafter decided, whether judgment ought not to be entered for the defendant on the facts so stated." Subsequently the court entered judgment for the defendant non obstante veredicto on the point reserved, which was assigned for error in this Court. We sustained the judgment, and our late Brother CLARK delivering the opinion, said: "The error assigned in this case is that judgment was entered for the defendant non obstante veredicto, upon the question of law reserved in the answer of the court to the defendant's third point. In the determination of this point we must assume the facts to be as they are in the point stated. No exception was taken to the manner in which the question was reserved, or to the facts assumed, out of which the question of law is supposed to arise; the parties are therefore conclusively presumed to have acquiesced in the facts as stated in the point, and assented to the reservation as made. A party not objecting at the time of the reservation cannot be permitted afterwards to say that the facts ought to have been submitted to the jury." In Fulton v. Peters, 137 Pa. 613, the court, in answer to a point of the defendant, reserved the question arising thereunder and subsequently entered judgment non obstante in favor of the defendant. No exception was taken to the form or manner of the reservation on the trial. We sustained the reservation and judgment, in a per curiam opinion, saying: "The plaintiff complains (*a*) that the learned court erred in reserving as a question of law the third point of the defendants; and (*b*) that the court erred in entering judgment for defendants non obstante veredicto on such reserved point. We cannot sustain either objection. There was no exception to the reservation of the point, and for anything that appears the judgment non obstante was warranted by the record as presented." In Heany v. Schwartz, 155 Pa. 154, the court below directed the jury to render a verdict for plaintiff, reserving the question of law, "whether there is any evidence to be submitted to the jury to warrant a recovery against the defendants," and subsequently

entered judgment for the defendant non obstante. We said: "We need not discuss the form of the reservation for the reason that no specific exception appears to have been made to it on the trial below. Upon the merits we are of opinion that the evidence was not sufficient to toll the statute of limitations, and the judgment was properly entered for the defendants non obstante veredicto." In the case of Ginther v. Yorkville Borough, 3 Pa. Superior Ct. 403, the court below reserved the following question: "The uncontradicted evidence in the case being that the digging of the water pipe trenches, the construction of the pipe line," etc., enumerating other facts, "can create any liability on the part of the borough to compensate the plaintiff in damages is reserved." The court proceeding said: "The reservation sets out the facts upon which the legal question is based, and under the law that question is of such a nature that it necessarily controls the case. It thus contains the essentials of a properly reserved point. . . . The facts contained in a reserved question may be found by the jury specially, or may be agreed upon by the parties, or may be stated by the trial judge; in the latter case, if either party is dissatisfied he may object and except to such statement, and thus preserve his right to have the correctness of the judge's finding of fact reviewed by an appellate court. But if no exception be taken to the judge's statement of facts, the parties will be presumed to have assented to them, and are concluded by them and their legal effect." Then follows an exhaustive review of the authorities on this subject, concluding as follows: "It is clear from these authorities that the plaintiff is presumed to have assented to the correctness of the statement of facts embraced in the reservation; that not having excepted at the time he is now estopped from denying its accuracy; and that the only inquiry which can now be made is as to the legal effect of the facts set out in the reservation."

This is precisely the situation in the case at bar. By the terms of the point it is asserted that the uncontradicted evidence shows that the plaintiff saw the dangerous condition of the crossing and sidewalk and could have avoided the obstruction by a slight detour into the street, and upon that assumption the court is asked to instruct the jury that the verdict must be for the defendant. As this was a point submitted for instruc-

tion before the close of the arguments of counsel, it was necessarily a part of the proceedings on the trial, and certainly ·constituted a part of the record. The point was answered by the court in charging the jury, and the learned trial judge specifically certified that the charge, and the point and answer, were correctly reported, and that they were filed as a part of the record of the case. Of course we cannot entertain a suggestion that they do not appear of record because the docket entries do not show them. It is asserted in the counter statement that the trial judge called the counsel before him and informed them that he intended to reserve this point of the defendant as it stood, unless the statement of facts contained therein was excepted to, and that no objection was made by plaintiff's counsel, and the point was accordingly reserved. We do not observe any denial of this statement; and it is very certain that the record shows no objection or any exception to the form of the reservation. That being the situation the authorities just cited become applicable.

It remains only to inquire whether the facts expressed in the point are true, and this must be determined by an examination of the testimony. It will only be necessary to recur to the testimony of the plaintiff himself and his witnesses to determine this question. The plaintiff was asked : " Q. There were two little paths, and a ridge between the two ? A. Yes, sir, the same as the path was here, and the path was on each side here, and the ridge was on between, and I slipped and went right over and came on the end of the plank or the side of it. Q. What was on the pavement that caused this ridge ? A. Snow and ice was on the ridge; snow was on the plank sidewalk, and there was snow and ice that I could see on it." In answer to another question he said, " The paths were pretty deep, and the ice was standing right up between the two paths." On cross-examination he was asked: " Q. When you reached this crossing you could see it plainly could you not? A. How see it plainly? Q. You could see it plainly, you had the full use of your eyes? A. Yes, sir. Q. You could see the ice and snow in front of you? A. Yes, I seen the ice and snow." In answer to another question he said, " I seen snow and — Q. On that ·street? A. I seen right where I fell and right in the middle of the street. Q. Did you see it before you fell? A. Before I

fell? Q. Yes. A. Yes, sir, I seen the snow before. Q. Saw there was snow and ice there did you? A. Because I was looking ahead of me." By the Court: " Q. Do you mean to say when you put your foot forward, and saw this snow and ice you did not see what you were stepping on? A. I seen there was snow and ice there. Q. Before you fell? A. Yes, I had just got a few steps. . . . Q. Did you put one foot up on the ridge and the other down on the ground? A. When I fell? Q. Before you fell. A. Walked right into the ridge. Q. Strike your foot against it do you mean or did you step on it? A. Stepped right into it, same as you are walking here now, on any sidewalk. Q. Then if this was the surface of the walk and this was the ridge did you bump against the end of it that way, or one foot on top of it and the other on the ground? A. No, sir, I walked right up on it."

Neil Brennan, a witness called by the plaintiff, having testified to his acquaintance with the place where the accident occurred and the condition of the sidewalk and street at that point, and having said that he passed there about 10 or 11 o'clock on that day, was asked: " Q. Was it the day when you heard that Boyle had fallen? A. Yes, sir. I passed down that side of the street; I came down between 10 and 11 o'clock on the train and went down town; in passing over that particular point I had a pair of gums on, gum boots, the rough was wore off and I noticed on this part of the pavement immediately after you went under the bridge a coat of ice and snow, it was banked up something in oven fashion, and there was a path over the top of it; my boots being in that condition I dropped down into the middle of the street to avoid a fall or spread; about one week previous I had fallen on the opposite side, that was my reason of it. . . . Q. You say you came to that part of the walk that day and you turned out, you stepped down into the street, and walked on the street? A. Yes, sir. Q. You could walk there safely could you? A. Yes, sir. Q. And how far down did you have to step? A. Just on the edge of the pavement, a matter of a step. Q. Three or four inches? A. No, it was a matter of a step, two or three feet."

There was no contradiction of the foregoing testimony. It was all furnished by the plaintiff himself and his own witness. The plaintiff had testified that the accident occurred a few

minutes before 12 o'clock, noon, on February 5, 1894. The day was clear. The plaintiff says he saw the ridge of ice and snow and walked directly upon it, and in that way received his fall. His witness, Brennan, passing the same place on the same day, an hour or so earlier, avoided the obstruction easily by taking a step or two into the street where he said he could walk in safety. This is the plaintiff's case as he makes it out himself, and it is therefore strictly true that the facts stated in the reserved point were established by uncontradicted testimony. That being so, the authorities clearly required the affirmance of the point. In Forks Twp. v. King, 84 Pa. 230, we said: "A person who knows a defect on a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect." In Erie City v. Magill, 101 Pa. 616, the facts were that a foot passenger in the streets of a city attempted to cross a high ridge of snow, very slippery on the surface which sloped at an acute angle across the sidewalk into the street. While making the attempt she fell and sustained severe injuries. The ridge had existed for about three weeks prior to the accident and it was commonly regarded as dangerous. Many passers-by were in the habit of turning out into the street to avoid it. The foot passenger in question had previous knowledge of the condition of the ridge, and it was in the daytime that she attempted to cross it. In an action brought by her against the city to recover damages for her injuries, held, that the evidence showed that she had been guilty of such contributory negligence as to preclude her right of recovery, and that the jury should have been instructed to find for the defendant. Held, further, that it was error in the above case to leave the question of contributory negligence to the jury. In Pittsburg, etc., Ry. Co. v. Taylor, 104 Pa. 306, we said: "A man is as much bound to avoid a known danger on a public highway as anywhere else. Such obstructions are liable to occur. The person or persons by whose negligence they have been placed there, or suffered to remain, may be liable in damages to the party injured thereby, where they have used reasonable care to avoid such injury; but it would be a harsh rule to hold that because a man has a right to pass along a public road he is under no duty to avoid a known danger." In Hill

v. Tionesta Twp., 146 Pa. 11, we held that one who undertakes to use a public road, knowing that it is unsafe, and knowing the defects which make it so, but not choosing to avoid them, although he could do so by taking another road, cannot recover against the township for an injury resulting from such defects. In such a case when the facts are undisputed the inference of contributory negligence is an inference of law which it is the duty of the court to declare; and on request to do so the court should give the jury binding instructions to render a verdict for the defendant. In Township of Crescent v. Anderson, 114 Pa. 643, we held that one who knows, or by ordinary care may know, of a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defects. There are many other cases to the same effect, but it is not necessary to continue the citations as there is no controversy respecting them.

The assignments of error are all dismissed.

Judgment affirmed.