# Velas *v.* Patton Coal Company.

*Practice, C. P.—Reservation of point of law—Exception.*

If no exception is taken to the form of a reservation of a question of law at the trial, the parties are bound by it, and cannot be heard in the appellate court against it.

*Negligence—Master and servant—Fellow-servant—Mines and mining.*

In an action by a coal miner against his employer, a coal company, to recover damages for personal injuries, the case should not be submitted to the jury, where the evidence shows that the order under which the plaintiff was working at the time of the accident was given by the mine foreman, and that it was at least doubtful whether the superintendent of the mine was present or in hearing when the order was given, or when the injury to the plaintiff was received.

Argued Oct. 9, 1900.    Appeal, No. 9, Oct. T., 1900, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1898, No. 148, for defendant non obstante veredicto in case of Martin Velas v. The Patton Coal Company.    Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries.    Before BARKER, P. J.

At the trial it appeared that plaintiff was employed as a "runner" of a mining machine, the knives or cutters of which were operated by electricity.    Another man called a "scraper" was employed at the same machine.    It was the duty of the two men to place the machine in position to cut under the breast of coal to be taken out.    The machines were placed in proper position by means of two jacks.    It was the business of the scraper to secure the front jack and the runner to secure the rear jack.    When the machine was in place the runner applied the current, and the scraper removed the loose coal cut by the knives.    At the time of the accident the jacks became loose, because, as the plaintiff alleged, a sufficient hole had not been made in the roof to secure the rear jack firmly.    Plaintiff stated that he was about to obtain a heavy pick to make the hole larger when he was directed by the mine foreman to hold the machine in place with a bar.    Plaintiff at first hesitated, but upon being told by the mine foreman that it would be right,

he took hold of the bar, when another workman turned on the current. As soon as the power was turned on the machine jumped and the knives cut off the plaintiff's leg. The testimony showed that plaintiff was familiar with the machine, that he received proper instructions as to it, and at the time of the accident it was doubtful whether the superintendent was anywhere near.

Defendant presented this point, " that under all the evidence in the case the verdict must be for the defendant." The court without making a direct answer to the point said: " We submit the case to you for the purpose of having you determine the disputed questions of fact, reserving for our consideration later the question as to whether the plaintiff has produced sufficient evidence in the case to warrant a recovery. You will take the case and render a verdict in accordance with our instructions as to the disputed questions of fact."

The jury returned a verdict in favor of the plaintiff for $2,278. No exceptions were taken to the form of the reservation. Subsequently the court in an opinion by BARKER, P. J., entered judgment for defendant non obstante veredicto.

*Error assigned* amongst others was in entering judgment for defendant non obstante veredicto.

*Francis P. Martin,* with him *Donald E. Dufton,* for appellant.—After verdict, it is to be assumed that every fact was found upon the trial, which was expressly stated in the declaration, or which was necessarily implied from what was so stated: Spires v. Parker, 1 Term Rep. 141; Jackson v. Pesked, 1 M. & S. 234; Nerot v. Wallace, 3 Term Rep. 25; Blair v. Bartlett, 75 N. Y. 154.

The case was for the jury: Curry v. Curry, 114 Pa. 367; Philpott v. Penna. R. Co., 175 Pa. 570; Penna. R. Co. v. Werner, 89 Pa. 59; Hickman v. Jones, 77 U. S. 197.

If the court intended or did reserve the question whether appellant had produced sufficient evidence to warrant a recovery, considering all the evidence in the case, it was clearly and unmistakably in error: Curry v. Curry, 114 Pa. 367; Philpott v. Penna. R. Co., 175 Pa. 570; Penna. R. Co. v. Werner, 89 Pa. 59; Hickman v. Jones, 77 U. S. 197; Spear v. P, W. & B.

R. R. Co., 119 Pa. 61; Ins. Co. v. Rodel, 95 U. S. 233; Buckley v. Duff & Sons, 111 Pa. 227; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Keifer v. Eldred Township, 110 Pa. 1; Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 625; Wilde v. Trainor, 59 Pa. 442; Ferguson v. Wright, 61 Pa. 262; Winchester v. Bennett, 54 Pa. 510.

We contend that under the evidence in this case and the verdict of the jury, it is immaterial in so far as plaintiff's right to recovery is concerned, whether or not Alexander Monteith, the mine foreman, was a fellow-servant: Mullan v. Steamship Co., 78 Pa. 25; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 389; Lee v. Woolsey, 109 Pa. 125; Fritz v. Jenner, 166 Pa. 292; Cannon v. Mears, 11 Lancaster Law Review, 215.

What constitutes negligence in a given case is a question for the jury whenever material and disputed facts are involved or even in doubt, or inferences of fact are to be drawn from the evidence, and it is then the exclusive province of the jury to determine the facts: Fisher v. Monogahela Ry. Co., 131 Pa. 292; Ryan v. Ardis, 190 Pa. 66; Citizens' Pass. Ry. Co. v. Foxley, 107 Pa. 537; Penna. R. Co. v. Peters, 116 Pa. 215; Corbin v. Philadelphia, 195 Pa. 461; Schum v. Penna. R. Co., 107 Pa. 8; Penna. R. Co. v. White, 88 Pa. 327; Penna. R. Co. v. Coon, 111 Pa. 430; Tissue v. B. & O. R. R. Co., 17 W. N. C. 317; Collyer v. Penna. R. Co., 4 Cent. Repr. 568; Lee v. Electric Light, Heat & Power Co., 1 Lackawanna Jurist, *19.

*Roland D. Swoope*, with him *W. F. Patton*, *Alvin Evans* and *J. W. Leech*, for appellee.—It is argued that this reservation is not in proper form. It is true that the court below seems to have inadvertently used the word "sufficient" instead of "any," the proper reservation according to the authorities being "whether there is any evidence in the case to submit to the jury, upon which plaintiff is entitled to recover:" Newhard v. Penna. R. Co., 153 Pa. 417; Fisher v. Scharadin, 186 Pa. 565.

No exception was taken at the trial to the form of reservation, and the parties are therefore bound by it, and will not be heard in this court against it: Rynd v. Baker, 193 Pa. 486; Mohan v. Butler, 112 Pa. 590; Fulton v. Peters, 137 Pa. 613;

Blake v. Metzgar, 150 Pa. 291; Heany v. Schwartz, 155 Pa. 154; Williams v. Crystal Lake Water Co., 191 Pa. 98 ; Ginther v. Yorkville Borough, 3 Pa. Superior Ct. 406.

Plaintiff's only excuse for his negligence was that he had been ordered to the place of danger by his fellow-servant, the mine foreman. Under such testimony appellee was not responsible for his injury: Lineoski v. Susquehanna Coal Co., 157 Pa. 153; Durkin v. Kingston Coal Co., 171 Pa. 193; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Keenan v. Waters, 181 Pa. 247.

So far as we have been able to examine the decisions of the appellate courts of our state, we have not found any case that holds that the mere presence of the defendant or his superintendent at the time of an accident, in the absence of any testimony showing any orders given or part taken by him in regard to the conduct that caused it, would entitle plaintiff to recover. The decisions are exactly to the contrary: Reese v. Clark, 146 Pa. 465; Diehl v. Lehigh Iron Co., 140 Pa. 487; Sykes v. Packer, 99 Pa. 465; Nuss v. Rafsnyder, 178 Pa. 397; Riley v. O'Brien, 53 Hun, 147.

PER CURIAM, October 22, 1900:

It is well settled that if no exception is taken to the form of a reservation at the trial the parties are bound by it and cannot be heard in the appellate court against it: Mohan v. Butler, 112 Pa. 591; Boyle v. Mahanoy City, 187 Pa. 1; Rynd v. Baker, 193 Pa. 486. In the case at bar no exception to the form of the reservation was taken at the trial, and therefore the parties are bound by it as above stated.

It is alleged by the plaintiff that the order of which he complains was given to him by the mine foreman, who was his fellow-servant. There is no evidence in the case that the superintendent participated in any manner in the direction or control of the work in which the plaintiff was engaged. Indeed it is at least doubtful whether the superintendent was present or in hearing when the order was given, or the injury to the plaintiff was received. If, therefore, there was any negligence which caused the accident, it was the negligence of the mine foreman, of the plaintiff, or of both. There is no evidence in the case on which negligence can be charged against the Patton Coal

Company or its superintendent. It follows that the defendant company is not chargeable for the injury the plaintiff received. We therefore affirm the judgment on the opinion and decree of the learned court below.

Judgment affirmed.