———o———

## No. 3931.

### Court of Appeal, Parish of Orleans.

### H. J. G. HAMANN vs. FREDERICK O. REINECKE.

### ON MOTION TO DISMISS.

1. Where by order of Court a suspensive appeal has been allowed on appellant's furnishing bond in an amount fixed by the Judge, and bond has been furnished accordingly, the appeal will not be dismissed because it cannot be sustained as a suspensive appeal.
2. Though not good as a suspensive appeal, it will still stand as a devolutive appeal.

Appeal from Civil District Court, Division "E."

W. H. Byrnes, Jr., for Plaintiff and Appellee.

R. E. Foster, for Defendant and Appellant.

MOORE, J. Appellant applied for and obtained an order

for a suspensive appeal from a judgment against him for a specific sum .

The Court fixed the amount of the bond at Fifty Dollars and it was accordingly furnished. As this amount does not exceed by one-half the amount for which the judgment was given, C. P. 575., the appellee thereupon moved to dismiss the appeal on the ground that the amount of the bond is not sufficient to justify a suspensive appeal.

That proposition may be true, but it does not lead up to the dismissal of the appeal. Where by order of Court a suspensive appeal has been allowed on appellant's furnishing bond in an amount fixed by the Court and bond has been furnished accordingly, it will not be dismissed because it cannot be maintained. Though not good as a suspensive appeal, it stands as a devolutive appeal.

Marx Weill vs. M. Schwartz 51 A. 1547.

Suc. of Bey, 47 A. 219.

Suc. of Armat 20 A. 340.

Suc. of Keller 39 A. 579.

Duperon vs. Van Wickle 1 Rob. 324.

Tipton vs. Cron 3 R. 63.

Jones vs. Frellsen 9 R. 185.

Surget vs. Stanton 10 A. 318.

Rachel vs. Rachel 11 A. 687.

Micheuer vs. Reinach 47 A. 360.

The motion to dismiss is denied, and the appeal is maintained as a devolutive appeal.

March 5, 1906.

## ON THE MERITS.

Issues of fact only are involved herein.

ESTOPINAL, J. Plaintiff sues to recover the value of a horse injured by a float owned by defendant, and which was driven by one of his employees.

Plaintiff fixes the value of the animal at One Hundred Dollars ($100.00), and claims besides, in his original petition, the

sum of Fifty dollars ($50.00), the cost to him of the hire of a horse to replace the injured one, and Seventy-five dollars ($75.00), the amount lost by injury to his business, an aggregate of Two Hundred and Twenty-five dollars ($225.00).

The defense set up is a general denial, and an averment that defendant, learning of the injury to plaintiff's horse, caused by his (defendant's) float and team, took plaintiff's horse to his stable and had him treated and entirely restored and fit for work.

There was judgment for plaintiff for Thirty-nine dollars ($39.00), and from this judgment the plaintiff appeals, defendant joining therein and praying for a reversal of the judgment of the District Court.

Though defendant denies it,the evidence shows, and there can be no serious dispute over the fact that the injury to plaintiff's horse was caused by the fault and negligence of defendant's driver, and the defendant, in consequence, is answerable in damages.

Defendant's contention that plaintiff contributed to the accident by having his team across the street while backed into an opening of warehouse or shed, is not supported by the evidence.

Plaintiff's wagon and team appear to have been where it has a perfect right to be, and the evidence shows the horse was turned so as not to obstruct or interfere with the free use of the street.

Plaintiff's team was stopped, defendant's moving. It was clearly the duty of defendant's driver to avoid a collision. It is shown the latter's sight was defective.

As before said, there can be no question of defendant's liability. Plaintiff claims the value of the horse. The evidence shows, to our satisfaction, that the horse has not been lost to him, but that after having been cared for, fed and doctored by defendant, it was, after the lapse of a few weeks, returned in good order to plaintiff, who now has possession of it.

Under the circumstances, the demand for the value of the horse must be rejected.

247

Though plaintiff, in his original petition, makes a claim for fifty dollars ($50.00), for the hire of a horse to replace the injured one, he later, by way of supplemental petition, claims that his business suffered to the extent of fifty dollars ($50.00).

The testimony shows that he did not hire a horse, and it is passing strange that this allegation was made at all, since the testimony shows that plaintiff owned other horses, and that his business was not interfered with by reason of the injury to one of them.

Plaintiff in his testimony says:

Q. How many wagons were you running at the time of the accident?

A. Two.

Q. Who was driving the two wagons?

A. I drove one, and had a driver for the other.

Q. How many horses did you have?

A. Three of them.

Q. When this horse was hurt were your other two horses in working condition?

A. Well, after the second day after this, my other horse went lame, and I had to lay him up; he was lame about three weeks.

By plaintiff's own testimony therefore, it is shown that his business was not interfered with, except for a period of three weeks, during which time the lameness of his extra horse necessitated the laying up of one of his wagons. Plaintiff approximates his earnings with one wagon at $13.00 a week. Therefore he has sustained a loss of $13.00 a week for three weeks, aggregating $39.00 which the lower court has properly awarded him.

The testimony shows that the veterinarian for whose services a claim is made here, rendered no services, and therefore plaintiff is not entitled to recover this claim.

Our esteemed brother of the District Court, who saw the witnesses, and heard them testify, disposes of the case in a brief but well considered opinion, in which we concur, and adopt as the opinion of this Court.

It is as follows:

"The evidence of Record leaves no doubt that plaintiff's horse

was injured by a float carelessly and negligently driven by one of the defendant's employes; but the injury was not serious, and the animal was not permanently disabled. It remained under the care of the defendant, who, with plaintiff's consent, had undertaken to treat it, from January 10th to February 17th, 1905, when it was formally tendered and returned to plaintiff. Between those dates plaintiff was deprived, during three weeks, of the use of his wagon, with which it was his wont to earn about thirteen dollars net per week. Another horse of his, which he might have used as a substitute to draw his wagon, unfortunately became lame just then, and his efforts to hire a horse were unavailing. The damage sustained by plaintiff, in this connection, therefore, amounted to $39.00. He also employed a veterinarian at the cost of $6.00, but the latter rendered no services to the injured horse which, as already stated, was being treated by defendant, and there was no occasion for his employment, save for plaintiff's own satisfaction, to ascertain whether the animal was in a fit condition to be again put to work. The fees paid for that purpose are not chargeable to defendant, nor is defendant liable for the other damages claimed by plaintiff, which are absolutely without foundation."

Judgment affirmed.