# Bland's Administrator *versus* Umstead.

1. All contracts are interpreted with reference to their subject-matter; and therefore a contract to perform certain duties growing out of an existing relation ceases to be binding when the relation ceases.

2. Where adjoining land-owners make an agreement relative to the duty of each in maintaining a partition fence, and one of them dies, his administrator is not bound by the contract for any future repairs.

ERROR to the Common Pleas of *Berks county*.

This suit was commenced by Umstead against the administrator of Bland before a justice of the peace, and carried by appeal into Court, where the plaintiff got a judgment for $7.28, and the defendant brought this writ of error.

Bland and Umstead were adjoining owners of land, and in 1844 they entered into a written agreement under seal, for the maintenance of a partition fence, each agreeing to maintain a specified half. In 1851 the part which Bland had contracted to keep up was swept away by a flood in the river Schuylkill, and, he being dead, Umstead gave notice to his administrators to restore it, which they neglected to do, and Umstead did it himself, and claimed to charge them for the expense.

The defendants offered to prove that before the repairs became necessary, Bland had died, and his land had been sold and conveyed to others, and that his estate had been fully settled up and distributed. The overruling of this offer involved the whole principle of the case.

*Banks*, for the plaintiff in error, argued that the contract was intended only to settle the duties of the parties while they were conterminous proprietors, and referred to 7 *Harris* 227; 1 *Devereux* 16.

*Strong*, contrà, argued that the contract was personal and abso-

[Bland's Administrator *v.* Umstead.]

lute and survived against the administrators: 1 *M. & W.* 419; 10 *Ad. & E.* 42; *Cro. Jac.* 523; *Cro. Eliz.* 552; *Comyn on L. & T.* 270, 275.

The opinion of the Court was delivered by

LOWRIE, J.—We think that the principles which governed in the cases of Dickinson *v.* Callahan, 19 *State Rep.* 227, and Quain's Appeal, 22 *Id.* 510, rule this case in favor of the defendant below. Neither of the parties binds his executor or administrator in the covenant; and if he had attempted it, we do not see very well how he could have succeeded. If the administrator is bound now, he must be bound in all time to come; but the law does not profess to keep up the representation of a dead man's estate longer than is necessary to settle it.

Besides this, all contracts must be construed with reference to their subject-matter, and a contract defining an existing relation can have no operation when that relation ceases, for its foundation is gone. This is a contract intended to regulate the relation of adjoining owners, and it is involved in its very nature that it cannot last longer than the relation. We see no word indicating that it was for any other purpose, and we should misapply it entirely if we should treat it as a rule of duty for persons not standing in the contemplated relation.

Judgment reversed and a new trial awarded.