# Valentine Zinnel *v.* Emma C. Bergdoll, Administratrix of the Estate of Louis Bergdoll, deceased, Appellant.

*Practice, C. P.—Reservation of point of law not conclusive of issue.*

It is error for the trial court to decide a case and enter judgment on a point reserved which touches one aspect of the case only and which might have been correctly ruled without affecting other material features of the controversy.

*Point reserved must be purely of law and conclusive.*

When a question of law is reserved by the trial court it must be of controlling effect and the facts upon which it arises must be set forth as part of the reservation or must distinctly and specifically appear on the record and be particularly referred to in the reserved point. The reservation must be of pure questions of law.

*Decedent's contract—Effect of death thereon—Question of fact—Improper reservation on point of law.*

Whether a contract was continued by the administrator under a mistaken belief that it was binding after the death of the parties or for the convenience of the administrator in settling the estate, are questions of fact for the jury under proper instructions; they cannot be decided by the court on a question of law reserved as to the effect of the death of decedent on his contract with plaintiff.

Argued Nov. 22, 1898. Appeal, No. 24, Oct. T., 1898, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1897, No. 30, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit. Before CLAYTON, P. J.

It appears from the record and evidence that suit was brought by plaintiff against decedent's estate for the purpose of recovering wages for a constructive service during an unexpired term of alleged employment subsequent to decedent's death. The plaintiff was employed during decedent's life to work on decedent's farm in Delaware county for the wages of $166.66 per month. The plaintiff alleged that this employment was for a year and it was contended that because the plaintiff took a lease from the owners of the real estate on March 1, 1897, after the death of the decedent, which occurred on September 10, 1896, his employment therefore extended from March 1, 1896, to March 1, 1897.

Defendant submitted the following point:

[The death of Louis Bergdoll, Jr., with whom the alleged contract for employment was made by the plaintiff dissolves the said contract and absolves further performance thereof, and the defendant, having paid in full to the time of said death, the verdict should be in favor of the defendant. *Answer:* I am inclined to think that it would not apply to a contract of this kind; we will consider this question hereafter; I will reserve the point and you will give a verdict for the plaintiff for the amount of his claim, subject to a point of law reserved.] [1]

The court directed the jury to find a verdict for plaintiff, reserving the point of the defendant. A motion was subsequently made by the defendant for judgment non obstante veredicto, which was overruled and the court directed judgment to be entered in favor of the plaintiff.

Verdict and judgment for plaintiff for $587.62. Defendant appealed.

*Errors assigned* were (1) in not affirming defendant's point, reciting same. (2) In directing the jury to render a verdict in favor of defendant as follows: "I will reserve the point and you will give a verdict for the plaintiff for the amount of his claim, subject to a point of law reserved." (3) In overruling motion of defendant for judgment non obstante veredicto.

*W. B. Broomall*, for appellant.—Granting, for the sake of argument, that the contract sought to be proved by the plaintiff was sufficiently established, yet such contract is dissolved by the death of the employer: Wood on Master and Servant, p. 306, sec. 158.

Death of an employer excuses further performance of the contract, and no recovery can be had by the servant against the administrators for refusing to carry out the same: 14 Am. & Eng. Ency. of Law, 749; Schouler's Domestic Relations, p. 669, sec. 473; Womrath's Est., 23 W. N. C. 434; Yerrington v. Greene, 7 R. I. 589; Dickinson v. Calahan, 19 Pa. 227.

All contracts are interpreted with reference to their subject-matter, and, therefore, a contract to perform certain duties growing out of an existing relation ceases to be binding when the relation ceases: Bland v. Umstead, 23 Pa. 316.

Survivorship must be mutual, if at all: Valentine v. Norton, 30 Me. 194.

The defendant was prevented by the act of God from availing himself of the services of the plaintiff. The contract is, therefore, discharged: Baylies v. Fettyplace, 7 Mass. 325; Knight v. Bean, 22 Me. 531.

*Albert Dutton MacDade* and *George J. Parker*, for appellee.— A contract to pay money, although it falls due after the death of the obligor, does survive. And what is the difference between an agreement to pay at a future period or on a future contingency? The contract is to be completed, not by any personal performance, but by the payment of money. This act an executor can do as effectually as the testator: White v. Com., 39 Pa. 167.

That a tenancy may be created and exist, when the agreement of lease is that no rent shall be demanded or paid, cannot be doubted. It shows that the parties intended a tenancy, although without the ordinary payment of rent as such: Mitchell v. Com., 37 Pa. 187.

In Oram's Estate, 9 Phila. 358, it was held that " the general rule is that all executory contracts survive the death of the contractor, except those which require some special and personal quality or attention from the contractor."

It must be borne in mind that the owner of the premises was a resident of Philadelphia and did not live upon the farm, but that the appellee occupied the mansion and assumed all the rights of a tenant, and had possession thereof to all intents and purposes.

It is the ordinary incident of every lease that the lessee shall pay a rent or consideration to the lessor for the use of the premises granted, but it is immaterial whether the rent is paid in money, or service, or in any stipulated article, such as grain or ore: Kunkle v. Rifle Club, 10 Phila. 52.

OPINION BY SMITH, J., February 17, 1899:

The agreement under which the plaintiff claims rests in parol. The burden of showing its existence and binding effect on the defendant, by a preponderance of evidence is, therefore, cast upon the plaintiff. Whether the agreement with the decedent

was a lease of the premises managed by the plaintiff, or a personal contract of hiring, were questions for the jury. It was also a question of fact for the jury to determine whether the administrator agreed with the plaintiff to continue the contract made with the decedent, or made another contract, in terms, or in legal effect. But conceding the power of the administrator to extend the contract of the decedent for the purposes of administration, the court had no right to assume its existence and continuation by the administrator, and direct a verdict for the plaintiff, subject to a point of law not necessarily decisive of the whole case: Wilde v. Trainor, 59 Pa. 439; Fisher v. Scharadin, 186 Pa. 565; Ginther v. The Borough, 3 Pa. Superior Ct. 403. The point of law stated in the reservation touched one aspect of the case only, and might have been correctly ruled without affecting other material features of the controversy. Judgment was entered on the verdict for the plaintiff, thus overruling, in effect, the proposition of law contained in the point. The point asked that judgment be directed for the defendant, and we cannot say, therefore, that as matter of law it should have been affirmed. Yet the proposition of law it contained was correct and, if material to the issue, the point should have been affirmed rather than overruled, and the judgment should be based on the entire reservation. Turning to the opinion of the court in entering judgment on the reserved point, printed in the paper-book of the appellee, it appears to be founded largely on statements of fact not found in the reservation, the record, or the evidence sent here. When a question of law is reserved by the trial court it must be of controlling effect, and the facts upon which it arises must be set forth as part of the reservation or must distinctly and specifically appear on the record and be particularly referred to in the reserved point. The decision of the court must then be based on the law and facts thus specifically stated. Matters of facts stated in the opinion, and evidently deemed material by the trial judge, are wholly absent from the reservation as well as from the record and the evidence. Upon every principle of law and justice this is unwarranted. In extending the power to reserve questions of law to the common pleas judges, the legislature did not intend to grant them roving commissions to inquire into and pass upon the evidence generally, and thus usurp the

functions of the jury. The reservation must be of a pure question of law. The facts upon which it is based must be admitted of record, or found by a jury; or stated by the court as part of the reservation, when, if not objected to at the time, they will have the force of such admission. But the court has no power, under this mode of proceeding, to pass upon controverted matters of fact. It can only pass upon facts when ascertained and settled in this manner, and they become a part of the reserved question.

It is quite evident from the testimony that the contract between the plaintiff and the decedent was for the plaintiff's services and their compensation. The evidence does not show a demise of any part of the premises to the plaintiff. His occupancy was merely incidental to the convenient performance of his duties. He acquired no estate in the land, or the right to use it, except as the discharge of his duties made such use convenient. The land, all property on it, and its yield, belonged to the decedent, and were for his sole use and benefit. The plaintiff was simply hired to work the farm, and had no interest in it or in the property connected with it. His wages were in no way dependent on the farm or its yield. The legal possession remained in the decedent, and the plaintiff was in no sense liable for rent. The essential elements of a demise are not shown in this case, and the court should have so instructed the jury: McCormick v. Skiles, 163 Pa. 590. Under the evidence it was a personal contract terminating on the death of either party: West v. O'Callaghan, 15 Phila. Rep. 165; Dickinson v. Calahan, 19 Pa. 227; Bland v. Umstead, 23 Pa. 316.

If the administrator continued the contract of the decedent with the plaintiff, under the mistaken belief that it was binding after the death of the parties to it, he had a right to terminate it without liability thereafter; unless by an agreement, or by his conduct he treated the contract as in force, for his convenience and assistance in caring for and closing up the estate in his charge. The right to recover for services performed in the absence of an express contract, on a quantum meruit, if such services were accepted by the administrator, might also become material. These are all questions of fact for the jury, however, under proper instructions by the court.

For the reasons given the judgment is reversed and a venire de novo awarded.