# Konicz *v.* Orient Insurance Company.

*Practice, C. P.—Reservation of question of law—Objection to form.*

The rules applicable to a reservation of a question of law are (1) the question must be one of law purely unmixed with any question of fact ; (2) it must be one which rules the case so completely that its decision will warrant a binding instruction ; (3) the question must be clearly stated, and the facts on which it arises must be admitted on the record or found by the jury, in order that exceptions may be taken and a review had. A reservation which violates any of these rules is incurably bad, and a judgment entered in pursuance of it, will be reversed whether an exception has been taken or not.

Where several points are presented by the court, one of which is " that upon the whole case the verdict should be for the defendant," and the court reserves the points as follows : " We reserve the questions of law raised by the above points," and the plaintiff excepts to the charge of the court, and "the rulings therein," and a bill is sealed, the plaintiff is in a position to object to the form of the reservation.

Where a question is clearly stated in a point, but the facts upon which it arose were not stated in the point, nor otherwise admitted on the record, nor found by the jury, the point cannot be reserved as a proper reservation of a question of law.

The question "whether under all the evidence" or "upon the whole testimony," or "upon the whole case," the plaintiff is entitled to recover, cannot be reserved because it involves the drawing of inferences of fact from the evidence, which is the province of the jury.

The court under objection reserved the following point in an action upon a fire policy : "The uncontradicted testimony being that the second proof of loss was not signed or sworn to by the insured, but that insured's name was signed thereto by the justice of the peace, who affixed his jurat thereto, without having administered an oath to the plaintiff, without having the plaintiff present, and without ever having seen the plaintiff, and this having been done in the presence of, and at the request of E, who presented a power of attorney purporting to have been executed by plaintiff, there was such fraud and false swearing on the part of the assured as will prevent recovery in this action." *Held*, that the reservation was improper.

Argued May 7, 1901. Appeal, No. 92, April T., 1900, by plaintiff, from judgment of C. P. Cambria Co., June T., 1897, No. 286, on verdict for plaintiff non obstante veredicto in case of Joseph J. Konicz v. The Orient Insurance Company of Hartford, Conn. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on policies of fire insurance issued by the Orient Insurance Company and Teutonia Insurance Company. Before BARKER, P. J.

The defendant's principal contention was that the second statement of proof of loss had not been executed by the plaintiff, but by an attorney in fact; and that when the insured neglected to furnish a second proof of loss in answer to a demand of the company, he was bound to stand on such second paper, and that the second paper had been executed by the attorney in fact.

The court charged as follows :

The plaintiff in these cases seeks to recover from two insurance companies the value of the loss of certain property situate in the borough of Hasting, this county, which had been insured by these two companies, and the cases have been tried together by consent of counsel, in order to save time. The defendant companies do not contend as to the amount of the loss or as to the amount the plaintiff would be entitled to recover, if entitled to recover at all. Both companies, however, set up as matters of defense that there are certain things required of the plaintiff in these cases before he can recover on the policies. These raise pure questions of law, and it is our policy, where the questions are at all serious, not to dispose of them hastily, as the law provides the manner by which the court can reserve questions of law by subsequently placing on record the reasons for the conclusions of the court in such way that they can be intelligibly reviewed by a higher court. Now, for those reasons, and in order that we may dispose of the questions of law now before us, we shall instruct that you render verdicts for the plaintiff, and we will reserve those questions of law, disposing of them by filing an opinion and giving the parties full opportunity in that way of reviewing the decision of the court in case it is regarded as erroneous. In these two cases we direct you to render verdicts for the plaintiff in the sum of $1,000 in each case, subject to the questions of law set forth in the points submitted to us by the defendant's counsel, which questions of law we reserve. The points submitted by the defendants' counsel we need not read now, because they are directed to be filed and made part of the record in the case. There

are one or two disputed questions of fact in the cases, but they are of such a nature or character that they only bear on the questions of law which we will have to determine, and it is not necessary for us to submit those disputed questions of fact to you.

### DEFENDANT'S POINTS.

1. The plaintiff having elected to furnish a second proof of loss in answer to the demand of each insurance company, he is bound thereby and must stand thereon.

2. The uncontradicted testimony being that the second proof of loss was not signed or sworn to by the insured; but that insured's name was signed thereto by the justice of the peace, who affixed his jurat thereto, without having administered an oath to the plaintiff, without having the plaintiff present, and without ever having seen the plaintiff, and this having been done in the presence of, and at the request of A. N. Euszkauskas, who presented a power of attorney purporting to have been executed by said plaintiff, there was such fraud and false swearing on the part of the assured as will prevent recovery in this action.

3. Where the policy in this case allows concurrent insurance and by its terms provides that the insured in case of loss, is entitled to recover no greater proportion of the loss than the amount of the policy bears to the amount of the existing insurance, and further provides that the insured in his particular statement shall set forth the other insurance, if any, on said property, or any portion thereof, with copies of the written portion of each policy and indorsement thereon, and generally the matters required in lines sixty-six to eighty both inclusive of the policy, to be set forth in the particular statement, or proof of loss, such proof of loss must be furnished as a preliminary to bringing suit, and must be signed and sworn to by the insured himself.

4. Where the insured refuses to present himself for proper examination under oath, after being notified so to do, there can be no recovery under the terms of the policy in suit.

5. Where notice was given to the insured's attorney in fact, that the insured would be required to present himself for examination under oath, and the attorney in fact failed to produce the insured or give definite information as to where insured

could be found, and as a matter of fact, the insurer could not find the insured, there can be no recovery until such examination under oath, has been made.

6. That the defendant company having been commanded by an injunction issued by the court of common pleas of Cambria county, sitting in equity, to "absolutely desist from settling" the claim of Joseph J. Konicz against the said company, and having been restrained by said injunction from paying moneys, or any part thereof arising from said insurance to said Joseph J. Konicz or any one in his behalf, and said injunction not having been dissolved, no interest can be recovered on any money judgment that may be entered against the defendant.

7. That upon the whole case the verdict should be for the defendant.

We reserve the questions of law raised by the above points.

To which charge of the court and the rulings therein plaintiff excepts and prays that a bill of exceptions be signed and sealed, which is accordingly done.

Verdict for plaintiff.

The court entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*J. F. McKenrick*, with him *F. P. Martin*, for appellant.—The questions of law reserved upon the trial raised by defendant's points were questions of law and facts mingled.   To enable the court to declare the law, it was essential that the facts were first determined by the jury: Elkins v. Susquehanna Mutual Fire Ins. Co., 3 Pennypacker, 369; Buckley v. Duff & Sons, 111 Pa. 227; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Winchester v. Bennett, 54 Pa. 510; Ferguson v. Wright, 61 Pa. 262; Wilde v. Trainor, 59 Pa. 442.

The second rule is that the question of law must be such as rule the cases: Henry v. Heilman Brothers, 114 Pa. 500; Keifer v. Eldred Twp., 110 Pa. 3; Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 625.

*C. H. Bergner*, with him *Kittell & Little*, for appellee.—No

specific exception was taken to the form of the reservation of the questions of law in the court below. This precludes discussion : Heany v. Schwartz, 155 Pa. 155 ; Boyle v. Mahanoy City, 187 Pa. 6 ; Ginther v. Yorkville Borough, 3 Pa. Superior Ct. 404 ;

Moreover, the reservation was good. Defendant's points set forth the admitted or uncontradicted facts : Fisher v. Scharadin, 186 Pa. 566 ; Boyle v. Mahanoy City, 187 Pa. 3.

The defendant's first point was properly affirmed : Kelly v. Sun Fire Office, 141 Pa. 19.

Where there is uncontradicted evidence of fraud the court should direct a verdict for defendant : Freedman v. Fire Assn. of Phila., 168 Pa. 254.

There could have been no other object in sending in such fraudulent proof of loss after the demand had been made for one signed and sworn to by the assured himself than to cheat the insurer : Mullin v. Vermont Mutual Fire Insurance Co., 2 New Eng. Rep. 483 ; Jones v. Mechanics Fire Ins. Co., 7 Vroom (N. J. Law), 42 ; Carson v. Jersey City Ins. Co., 14 Vroom, 310 ; Titus v. Glens Falls Ins. Co., 81 N. Y. 420 ; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 357.

Upon the whole case the judgment was properly for the defendant : Beatty v. Lycoming County Mutual Ins. Co., 66 Pa. 9 ; Mueller v. South Side Fire Ins. Co., 87 Pa. 405 ; Freedman v. Fire Association, 168 Pa. 254 ; Titus v. Glens Falls Ins. Co., 81 N. Y. 420 ; Insurance Co. v. Weides, 14 Wall. (U. S.) 383 ; Claflin v. Commonwealth Ins. Co., 110 U. S. 94.

OPINION BY RICE, P. J., July 25, 1901 :

In concluding his charge the learned trial judge instructed the jury as follows : " In these two cases we direct you to render verdicts for the plaintiff in the sum of one thousand dollars in each case, subject to the questions of law set forth in the points submitted to us by the defendants' counsel, which questions of law we reserve. The points submitted by the defendants' counsel we need not read now, because they are directed to be filed and made part of the record in the case. There are one or two disputed questions of fact in the cases, but they are of such a nature or character that they only bear on the questions of law which we will have to determine, and it is not nec-

essary to submit those disputed questions of fact to you." There were seven points submitted by the defendant, the last of which was " that upon the whole case the verdict should be for the defendant." The court said: " We reserve the questions of law raised by the above points." To which charge of the court and " the rulings therein " the plaintiff excepted and prayed that a bill of exceptions be signed and sealed, which, accordingly, was done. It is thus seen that the plaintiff did not forfeit or waive his right to object to the form of the reservation by his failure to except. He is in a position to raise that question and to call upon us to decide it, as he does most vigorously.

The subject of the reservation of questions of law has received thorough consideration by the Supreme Court in two recent cases. Mr. Justice FELL, who delivered the opinion in each case, said that the decisions have not always furnished a clear guide on the subject, but that the apparent lack of harmony in some of the decisions disappears in a great measure, if not wholly, when attention is given to the substance instead of the form of the reservation. With the evident intention of removing all doubts as to the practice, he restated in clear language the rules established by the cases: " 1. The question must be one of law purely unmixed with any question of fact. 2. It must be one which rules the case so completely that its decision will warrant a binding instruction. 3. The question must be clearly stated, and the facts on which it arises must be admitted on the record or found by the jury, in order that exceptions may be taken and a review had. A reservation which violates any of these rules is incurably bad, and a judgment entered in pursuance of it will be reversed whether an exception has been taken or not. But in considering whether a reservation is good, this court will look at its substance notwithstanding the form in which it has been made ; and if no exception has been taken to the form, it will be conclusively presumed that the parties acquiesced in the statement of facts as they appear in the point, and assented to the reservation as made : " Casey v. Penna. Asphalt Paving Co., 198 Pa. 348 ; Mayne v. Fidelity & Deposit Co., 198 Pa. 490. See also Ginther v. Yorkville Boro., 3 Pa. Superior Ct. 403, Koons v. McNamee, 6 Pa. Superior Ct. 445, and Zinnell v. Bergdoll 9 Pa. Superior Ct. 522. It only remains to apply the rules above stated to the several points sub-

mitted by the defendant. As they will undoubtedly appear in the report of the case it is unnecessary to quote them here.

As to the first point we remark, that, even if correct both in law and in fact, judgment in favor of the defendant would not necessarily follow the affirmance of the legal proposition. The question raised by the point was not one which ruled the case; therefore the second rule above stated applies. The same is true of the sixth point.

The second point contains a statement, not of facts, but of what is claimed to be the "uncontradicted testimony" of witnesses called by the defendant. As the plaintiff excepted to the reservation (for so we must construe his exception) it cannot be said that he admitted the truth of the testimony adduced by the defendant. With still less plausibility can it be asserted that he admitted that the point contained a correct statement of all the facts pertinent to the question. But aside from this consideration, it is not alleged that there was any "false swearing by the insured," and the learned judge in his opinion entering judgment properly held that whether the plaintiff was guilty of such fraud as rendered the policy void was not, under all the evidence or even upon the facts stated in the point, a pure question of law, which it was his duty to decide in favor of the defendant. Even assuming the credibility of the defendant's witnesses who gave the testimony alluded to in the point, the point is based on the assumption that the intent of the insured and the effect of his acts are immaterial in determining the question of fraud, or, if not based on that assumption, involved the drawing of inferences of fact from their testimony, which is the province of the jury. We think that in either view it could not be affirmed without qualification. If the paper referred to in the point had been the statement which the plaintiff was required by the policy to furnish, a different and more difficult question would be involved. As the court did not enter judgment upon this point it seems unnecessary to discuss it further.

The third point presented a proposition of law which received thorough and exhaustive consideration in the opinion delivered by the court below, with the result that judgment was entered for the defendant non obstante veredicto. The primary question for our determination is, not whether the abstract legal ques-

tion was correctly decided, but whether it was one which ruled the case on trial so completely that its decision warranted a binding instruction in the defendant's favor.   The question is clearly stated, but, unfortunately, the facts upon which it arose were not stated in the point, nor otherwise admitted on the record, nor found by the jury.   Therefore, we are constrained to hold that under the second and third rules above stated the reservation was bad.   The same is true of the fourth and fifth points.

By all the authorities the question " whether under all the evidence" or "upon the whole testimony," or " upon the whole case," the plaintiff is entitled to recover cannot be reserved because it involves the drawing of inferences of fact from the evidence which is the province of the jury.   This is all that need be said concerning the seventh and last point, especially as the court did not base its judgment thereon.

The judgment is reversed and a venire facias de novo awarded.