# Zinnell *v.* Bergdoll, Appellant.

*Master and servant—Contract of employment.*

Where a person contracts to work on a farm for a year at certain money wages per month, and his compensation is not dependent on the farm or its yield, and he is permitted to occupy a house on the land without paying rent, the contract is a personal contract terminating upon the death of the owner, and if the farmer continues to work on the land after the death of the owner, his right to compensation does not arise out of his contract

with the decedent. If the administratrix of the decedent accepts and pays for the services of the farmer during a period of three months after the decedent's death, without anything whatever being said as to how long the employment is to continue, such action on her part does not give rise to an implied contract that the employment shall continue until the end of the year contemplated by the original contract of the decedent.

Argued Nov. 18, 1901. Appeal, No. 23, Oct. T., 1901, by defendant, from judgment of C. P. Del. Co., Sept. T., 1897, No. 30, on verdict for plaintiff in case of Valentine Zinnell v. Emma C. Bergdoll, Administratrix of the Estate of Louis Bergdoll. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for wages. See 9 Pa. Superior Ct. 522.

At the trial the plaintiff offered testimony which tended to show that on March 1, 1896, he was employed by Louis Bergdoll, Jr., for the term of one year to work on a farm for the wages of $166.66 per month. Bergdoll died on September 9, 1896, and it appears that plaintiff continued to work on the farm during September and October, and he was paid the full wages for these months. During the month of November his work was changed and he was paid $100. In December he was discharged. He claimed to recover wages until March 1, 1897. Other facts appear by the opinion of the Superior Court.

Plaintiff presented these points:

2. If the jury find that a contract existed between the plaintiff and Mr. Bergdoll, the decedent at the time of Mr. Bergdoll's death in September, 1896, and that the plaintiff under said contract was receiving $2,000 per year, or $166.66 per month, the jury may consider what the plaintiff was then receiving as a measure to determine the value of his services in this case. *Answer :* That is affirmed, if you find that the administratrix agreed to continue the contract. [1]

3. If the jury find as a fact that the defendant as administratrix by an agreement or by her consent treated the contract of her deceased husband with the plaintiff as in force, for her convenience and assistance in caring for and closing up the estate in her charge, the plaintiff may recover under said contract. *Answer :* That is affirmed if you find that the administratrix agreed to continue the contract of the decedent. [2]

Defendant presented these points:

1. It appearing from the uncontradicted evidence in the case that the contract between the plaintiff and the decedent was for the plaintiff's services and their compensation, said contract was determined by the death of Louis Bergdoll, Jr., and the plaintiff is not entitled to recover for alleged services performed thereafter under the said contract; and the plaintiff having admitted by his statement of claim in this case that he was paid in full for his services rendered prior to the death of Bergdoll, the jury are instructed that the plaintiff is not entitled to recover for any claim under said contract. *Answer :* This is affirmed unless the jury find that the administratrix agreed to continue the contract. [3]

2. The plaintiff is not entitled to recover a verdict for any claim under a contract made with the decedent, without proving an employment by her for a definite time, during which he held himself in readiness to perform the services contracted for, and for which he has not been paid, and no such employment having been proven in this case, the jury are instructed that the plaintiff is not entitled to recover for any such claim. *Answer :* There is some evidence that the decedent paid the plaintiff $166.66 a month. If the jury find that such was the contract and that the administratrix agreed to continue it until the end of the year, this point is refused, otherwise it is affirmed. [4]

3. The mere continuance by the plaintiff to work on the farm after the decedent's death, when the farm belonged to the widow and children, and the payment for his services thus rendered raises no presumption of a renewal or continuance of the decedent's contract, and unless the plaintiff proves an express contract with the administratrix covering the time for which suit is brought, or proves some services rendered by him for her, which have not been paid for, the jury are instructed to render their verdict for the defendant. *Answer :* That is affirmed with the modification that the contract need not be express. [5]

4. Unless the defendant administratrix, with knowledge that the contract between the plaintiff and the decedent was terminated by his death, renewed said contract, either expressly or impliedly, the plaintiff is not entitled to recover upon any al-

leged renewal of said contract, and the court is asked to charge the jury that there is no sufficient evidence of such renewal of said contract, and the jury are instructed that the plaintiff is not entitled to recover for any claim under any alleged renewal of said contract. *Answer:* The question of the renewal of the contract is for the jury, and the point is declined. [6]

5. Unless the defendant administratrix expressly renewed the contract of the decedent with knowledge that it had been terminated by his death, she had the legal right to discharge the plaintiff at any time and would only be responsible to pay the plaintiff to the time of such discharge, and if the jury believe that she did so discharge him, and has paid him in full for that time, the plaintiff is not entitled to recover for any claim made under said contract or any alleged renewal thereof. *Answer:* Affirmed with this modification, strike out the word "expressly" and add after the words "such discharge" "unless she has employed him for a stated period." [7]

The court charged in part as follows:

[There is no evidence of any conversation between these parties, this administratrix and the plaintiff, relative to the continuation of this contract. Whatever view the parties took of it at the death of Mr. Bergdoll, we don't know, but there is no evidence, it appears to the court, of any conversation between these people, the plaintiff and Mrs. Bergdoll, relative to its continuance, and if you shall find that it was continued, it must arise out of the circumstances surrounding this case. As has been testified to, he was paid by Mr. Bergdoll in his lifetime, or by some one for him, $166.67 a month. He died on September 9, 1896, in the middle of the month, and it appears that the estate paid for that month of September at the rate of $166.67. Also in the following October, the next month, it paid him without dispute and he received without protest, the same amount of money. He continued on the place, so far as we know, just as he lived during the lifetime of the decedent. If you can find from this testimony that this administratrix did agree to continue this contract, then he will be entitled to a verdict for the amount of $166.67 or $166⅔ to the end of his contract, giving them credit for whatever has been paid.] [8]

Verdict and judgment for plaintiff for $691.33. Defendant appealed,

*Errors assigned* were (1–8) above instructions, quoting them.

*W. B. Broomall*, for appellant, cited : Fritz v. Thomas, 1 Wh. 66.

*Albert Dutton MacDade*, for appellee.

OPINION BY W. D. PORTER, J., March 14, 1902:

The plaintiff sought to recover in the court below compensation for his services at the rate of $166.66 per month, under an alleged contract of hiring for a period of one year, for that portion of said year which had not expired at the date of the death of his employer, Louis Bergdoll, deceased. An amended statement was filed which averred that the contract had been ratified and continued by the administratrix. The contract between the plaintiff and the decedent established by the evidence was for the plaintiff's services and their compensation. The evidence as to the nature of this contract is in no respect different from that which we considered in a former appeal in this case (Zinnel v. Bergdoll, 9 Pa. Superior Ct. 522), and we there held that it was a personal contract terminating upon the death of Louis Bergdoll. The subject of the contract was labor. Zinnell undertook to work upon the farm of Bergdoll and the latter undertook to pay him for such services. The labor was to be performed upon the land in its cultivation, in the care of the cows and the disposition of the crops. As an incident of his employment Zinnell was to live in a house upon the farm, he had no interest in the crops and was not a tenant paying rent, his compensation was in no way dependent upon the success or failure of the farming operations. The house was a convenient place for the residence of the laborer. The possession of Zinnell was the possession of his employer, he acquired no interest in the land and was not a tenant; Bowman v. Bradley, 151 Pa. 351; 11 P. & L. Dig. of Dec., col. 17887. If the plaintiff was entitled to recover that right did not arise out of his contract with the decedent.

When Louis Bergdoll died the title to the farm passed to his widow and heirs. If after that date the plaintiff planted in the land crops for the next year the mere performance of the labor did not give rise to an implied promise that such services

would be paid for by the administratrix, in the absence of a direction by her, as administratrix, to perform the services. This, however is not important, for the plaintiff has actually been paid by the administratrix for the time during which he was engaged in that work. The estate not having been bound by the contract of the plaintiff with Louis Bergdoll to continue the employment of the plaintiff after Bergdoll's death, the mere acceptance of the services by the administratrix would not in the absence of an express agreement have given rise to an implied contract to continue the employment for any definite period. When the administratrix accepted the services of the plaintiff and continued him in the care of the personal property of the estate upon the farm, an implied promise arose to pay him what those services were worth. Payment by the administratrix for one month at a certain rate would give rise to an implied promise to pay him at the same rate so long as she continued the employment.

Louis Bergdoll died on September 9, 1896. There was at that time a large amount of personal property belonging to the estate upon the farm, of which the plaintiff continued in charge. Decedent left a widow, the administratrix, and five children, of whom Charles Barth became guardian. Louis Bergdoll died intestate and the title to the land at once vested in his heirs. There were upon the farm a large number of cows, the property of the estate, and these were taken care of by the plaintiff, the milk being shipped to a dealer, until sometime in November, when the cows were taken away from the place and the plaintiff ceased to have the care of them until sometime early in December, when they were returned to the farm for the purposes of sale. All the personal property of the estate upon the farm was sold on December 10, 1896, and so far as is disclosed by the evidence in this case the defendant did not after that time render any services to the estate or have charge of any property belonging thereto. He did after that time do some hauling away of property which had been purchased by the widow, but there is nothing in the evidence to indicate that this was the property of the estate or that would render the estate liable for the services performed in connection therewith. The plaintiff admitted that he was early in October paid the full amount of his wages for the month of September, and that

the administratrix paid to him, through his son, the full amount of his wages for the month of October. During those two months the services rendered by the defendant were practically the same as those which he had rendered during the lifetime of Louis Bergdoll. The character of plaintiff's work was changed during the month of November, he no longer had to take care of forty-five cows and look after the shipment of the milk; for his services during that month he admits that the administratrix paid him $100. The administratrix testified that she had notified him that she would only pay him at that rate during the month of November, and that when she did pay him he accepted that amount without question. The plaintiff denied this and a question of fact for the jury was thus raised as to the compensation for that month. The administratrix testified that with the month of November ended the employment of the plaintiff by the estate, that he was discharged. This testimony is to a certain extent corroborated by the testimony of plaintiff's son, who testified that the administratrix, about the 12th or 13th of December, in giving him directions as to certain hauling that was to be done, "said she would make us all right, did not want us to do it for nothing." The son communicated this to his father, and they kept an account of that hauling. If the plaintiff was to be paid wages by the month why did he keep a book-account specifying the particular services which he rendered? There was certainly evidence sufficient to sustain a verdict that the employment of the plaintiff by the administratrix had ceased with the month of November, or at the latest on December 10, and the defendant was entitled to have the jury pass upon that fact. The effect of the answers of the learned judge of the court below to the several points submitted by the parties, respectively, was to submit to the jury the question whether, or not, the administratrix had agreed to continue the contract until sometime in the future, without regard to whether the plaintiff rendered services for the estate or not. In answer to the second point submitted by the defendant the court said: "If the jury find that such was the contract," referring to the contract made by decedent, "and that the administratrix agreed to continue it until the end of the year, the point is refused, otherwise affirmed." In the fifth point submitted by defendant the court was substan-

tially requested to charge the jury that under the evidence the administratrix had a right to discharge the plaintiff at any time, and in answer to this point the learned judge in substance said to the jury that they might find that there was an implied contract upon the part of the administratrix to employ the plaintiff for a stated period. There was absolutely no evidence of an express contract to continue the employment, nor was there any evidence from which the jury ought to have been permitted to find an implied contract that the employment should be continued until the end of the year, that is, March 1, 1897. The only evidence bearing upon this question merely established that the administratrix had accepted and paid for the services of the plaintiff during a period of about three months, without anything whatever having been said as to how long the employment was to continue. There being no evidence from which a contract to render services upon the one hand and pay for them upon the other, for a longer period than each current month upon which the parties entered, could have been implied, it was error to submit the case to the jury in this manner. The fourth, seventh and eighth specifications of error are sustained.

The judgment is reversed and a venire facias de novo awarded.